[Filed July 8, 1891.]

## J. N. GARDNER, ADMINISTRATOR *v.* MARTIN GILLIHAN, ADMINISTRATOR.

JURISDICTION OF COUNTY COURT—DISCOVERY.—While a county court in the exercise of its probate jurisdiction may entertain proceedings in the nature of a discovery against persons charged with secreting or refusing to account for property belonging to an estate, yet its power ends with the discovery, so that the right or title of the decedent to property claimed by or from his administrator must, if an adjudication becomes necessary, be litigated in courts of ordinary jurisdiction.

REPRESENTATIVE POSSESSION—WAIVER OF LIEN.—A party who assumes possession of personal property in a representative capacity, which is inconsistent with his

previous possession of the property under his individual lien thereon, is presumed to have waived his lien, and he cannot at the same time defend his possession both in his representative and in his individual capacity.

Multnomah county: E. D. SHATTUCK, Judge.

Defendant appeals.    Affirmed.

This is an action brought by the plaintiff as administrator of the partnership estate of J. N. Gardner, Presley Gillihan, and M. E. Gillihan, deceased, against the defendant as administrator of the individual estate of M. E. Gillihan, deceased, to recover possession of certain personal property alleged to belong to said partnership estate. The complaint is in the usual form. The defendant first filed an answer alleging his appointment as administrator of the individual estate of M. E. Gillihan, deceased, and that the property described in the complaint was at the commencement of the action and at the time of filing such answer in his possession as such administrator. This answer having been adjudged by the court insufficient to constitute a defense, he answered to the merits, in which he denied the existence of the partnership and plaintiff's right to the possession of the property described in the complaint, or any part thereof. He also denied that said property or any part thereof belonged to the partnership estate, but alleged that the same was the property of the estate of M. E. Gillihan, deceased, and that certain specified articles of said property never came into his possession. As a further and separate defense he averred "that at the request of the late M. E. Gillihan, who was the lawful possessor of the live stock mentioned in the complaint, he, defendant, depastured, agisted and fed said live stock and supplied fodder to same on defendant's farm from the first day of September, 1889, up to and until the death of said M. E. Gillihan, which took place on or about the 4th day of February, 1890, and ever since; that the said late M. E. Gillihan promised to pay defendant for such depasturing, agisting, feeding and fodder what the same was reasonably worth, and the same were and are reasonably worth three dollars per month a head of said live stock; that no part thereof was ever paid, and defendant had pos-

session of said cattle from the commencement of the time of agisting and feeding same up to the time of the death of said Gillihan, and ever since, and has a lien on said live stock for such depasturing, agisting, feeding and fodder. A reply having been filed, the trial resulted in a verdict and judgment in favor of plaintiff, from which this appeal is taken.

*C. J. McDougall,* for Appellant.

*H. T.* and *E. W. Bingham,* for Respondent.

BEAN, J.— The first question presented by this record is the right of an administrator of a partnership estate to maintain an action against the administrator of the estate of an individual member of such partnership to recover possession of personal property alleged to belong to said partnership and in the possession of the latter as such administrator. The contention of defendant is, that the county court has exclusive jurisdiction in such cases. The question in issue in the case at bar is the title to the property in controversy, and unless the county court is by law given exclusive power in the first instance to try and determine that question, defendant's contention cannot prevail. The fact that both administrators were appointed by and are under the control of the county court, does not necessarily confer upon that court authority to try disputed questions of title to property claimed by each as belonging to their respective estates. Such power or authority can only be conferred by statute or by necessary implication in order to carry out the functions expressly pointed out and to accomplish the express purposes for which such courts are created. (1 Woerner Adm. § 151.)

We are not aware of any provisions of the statute conferring such power, either expressly or by necessary implication, upon the county court. It is true, sections 1121-1124 of Hill's Code provide for proceedings in the nature of a discovery against persons charged with secreting or refusing to account for property belonging to the estate; but with the discovery the power of the county court ends. There is

no provision, as in many of the states, for compelling the delivery of the property so discovered upon the decree or order of the county court. The administrator is then left to his remedy by the proper proceeding in a court of ordinary jurisdiction. (1 Woerner Adm. § 151; 2 Id. § 325; *Gibson* v. *Cook*, 62 Md. 256; *Ex Parte Casey*, 71 Cal. 269; *Edwards* v. *Mounts*, 61 Tex. 398.)

The functions of the county court, as respects administrators and executors, are limited to the control of the transmission and disposition of property, upon the death of the owner, and cannot adjudicate upon collateral matters. The right or title of the decedent to property claimed by the administrator against third persons, or by third persons against him, must, if an adjudication becomes necessary, be tried in courts of ordinary jurisdiction. He is entitled to the possession of the property of his decedent, but if it is in the possession of some person who refuses to surrender to him, the county court cannot aid him in obtaining such possession. It may call him to account for not doing so, but he must seek his remedy in some other court.

Nor can we see any sufficient reason for his not maintaining such action because the property is in the possession of another administrator. An administrator is not entitled to the possession of property unless it belonged to his decedent, nor is he accountable to the county court for the property seized or claimed by him as part of the estate and belonging to others, because he does not hold such property as the representative of the estate, but as one who has trespassed upon the rights of others. The machinery and proceedings of the county court are wholly inadequate to the trial of disputed questions of title. Such issues are properly triable in the circuit court, where the aid of a jury can be had, and must we think under our statute be tried in that court.

The next assignment of error is in the refusal of the court to allow the defendant to give evidence tending to prove the lien for feeding and agisting the live stock described in the complaint. From the record it appears that the evidence

on the part of the defendant showed, and it was admitted, that he was the duly qualified and acting administrator of the estate of M. E. Gillihan, deceased; that he had possession of the property in controversy before and at the time of Gillihan's death; that he included said property in the inventory of the estate, had the same appraised and returned it to the county court as belonging to the estate of his decedent, and that he is defending this action as administrator, and not in his individual capacity. It must be admitted that defendant must either defend as an individual or in his representative capacity. He cannot do both. He cannot at one instant claim that he has possession of this property in his representative capacity, and at the next that he holds such possession as an individual. He has elected to defend as administrator, and cannot, therefore, avail himself of the defense that he has a private lien on the property, because his possession of this property in his representative capacity is inconsistent with a possession under a lien personal to himself. Besides, he does not allege that he has or claims possession by virtue of any lien he has or holds thereon. He avers that he has an agister's lien, and that he had possession of the property prior to the death of Gillihan, and still has possession, but he does not plead that he holds possession by virtue of his lien, while his pleadings and entire course in the trial indicate that he claims possession as administrator. Having taken possession and inventoried this property as belonging to the estate of M. E. Gillihan and assumed the relationship of administrator thereto, and having undertaken to defend this action as such administrator, he assumed a relation to the property not consistent with the lien claimed by him, and must, therefore, be regarded as having waived his lien. (13 Am. & Eng. Ency. Law, 623; *Guille* v. *Wong Fook*, 13 Or. 577; *Mexal* v. *Dearborn*, 12 Gray, 336; *Louisville R. R. Co.* v. *McGuire*, 79 Ala. 395.) There was no error, therefore, in refusing to admit the evidence offered.

The other alleged errors do not require any extended

notice.   The order of the county court appointing plaintiff administrator of the partnership estate, however erroneous it may have been, is not subject to collateral attack. (*Ramp* v. *McDaniel*, 12 Or. 108.)   And under the rule laid down in *Prescott* v. *Heilner*, 13 Or. 200, and *Guille* v. *Wong Fook, supra,* the description of the property contained in the complaint is sufficient after verdict.

Judgment affirmed.