Decided 4 February, 1901.

## RE BOLANDER'S ESTATE.

[63 Pac. 689.]

PROBATE COURTS — JURISDICTION — ASSETS.

A county court exercising probate jurisdiction has no power to determine an issue of title between an administrator and a claimant of property inventoried by the administrator as an asset of his estate: *Gardner* v. *Gillihan*, 20 Or. 598, followed.

From Multnomah: JOHN B. CLELAND, Judge.

Petition by Louis Philip Bolander for an order on Andrew Saling, administrator, to show cause why he should

not deliver to petitioner certain property inventoried as an asset of the estate. In September, 1884, the Mutual Life Insurance Company of New York issued to Henry N. Bolander two paid-up policies of insurance on his life for $2,040 and $2,170, respectively, payable to his wife, Anna M. Bolander, if living at the time of his death, and, if not, to such of the children of her body as should be living at the time of her death. The wife died July 28, 1897, leaving eight children of her body surviving her, and Bolander died August 28, 1897. After the death of Mrs. Bolander, all the beneficiaries under the policies of insurance, at the request of the insured, signed an application to the insurance company to change the policies "to favor of Henry N. Bolander, the insured, his executors, administrators, or assigns, and to issue policies in accordance with said change." Seven of them signed the application prior to, and the other one eighteen or twenty days after, the death of the insured; but it does not appear that it was presented to the insurance company, or that the desired change was in fact made, or new policies issued. On October 21, 1897, Andrew Saling was appointed administrator of the estate of Henry N. Bolander. Among the personal effects of the deceased were the two life insurance policies referred to, which were delivered to the administrator by the heirs of Mrs. Bolander residing in Multnomah County, as a part of the assets of the estate, and which the administrator received and inventoried in good faith. Subsequently, after the conditions of the policies had been complied with, and legal proof of the death of Bolander made to the insurance company, three of the heirs confirmed in writing their previous request for a change in the beneficiaries, and directed the insurance company to pay the money due under the policies to the administrator. On the twenty-ninth of October, 1898, Louis Philip Bolander, one of the heirs, to whom all the others had assigned and transferred their interest, if any, under such policies, filed a pe-

tition in the county court, alleging that he is the owner of the policies referred to, and the sole beneficiary thereunder, and asking for an order upon the administrator to show cause why he should not correct his inventory by eliminating such policies therefrom, and why he should not deliver them to the petitioner. Citation having been issued, the administrator answered, setting up the facts, in substance, as before detailed, and further alleging that the application and request to the insurance company to change the beneficiaries named in the policies was intended for, and was in effect, an assignment of all their interest therein to Henry N. Bolander, and that such policies and the proceeds thereof were the property of his estate. The county court sustained a demurrer to the answer, and decreed that the petitioner was the owner and entitled to the possession of the policies, and that the estate had no right, title, or interest therein, and thereupon ordered the administrator to correct his inventory by eliminating the policies therefrom. On appeal to the circuit court, this decree was affirmed, and the administrator brings the cause here for review.     REVERSED.

For appellant there was a brief over the name of *Milton W. Smith,* with an oral argument by *Mr. Smith* and *Mr. John T. McKee.*

For respondent there was a brief over the name of *Bauer & Greene,* with an oral argument by *Thos. G. Greene.*

MR. CHIEF JUSTICE BEAN, after stating the case, delivered the opinion of the court.

Two main questions are presented by this appeal: (1) Has the county court, exercising the jurisdiction pertaining to a court of probate, the power to require an executor or administrator, against his will, to eliminate from the inventory of an estate property listed by him, and which he

insists belongs to the decedent, upon the petition of a claimant thereof, before the title is determined in some competent tribunal? (2) If so, upon the facts stated, are the policies in question the property of the estate?

The first question, in our opinion, must be answered in the negative. In *Gardner* v. *Gillihan,* 20 Or. 598 (27 Pac. 220), it was held that the probate court has no jurisdiction to try a question of title to property as between an administrator and a third person, but that such an adjudication, if necessary, must be had in a court of ordinary jurisdiction. This principle is decisive of the case at bar. However ingeniously it may be stated, the real inquiry presented by the petition, and which the court was asked to decide, was whether the property in dispute belonged to the petitioner or the decedent, and this question can be determined only in a court organized and constituted for the purpose of trying questions of that character, and provided with the necessary machinery therefor. By section 1112, Hill's Ann. Laws, an executor or administrator is required to file an inventory of all the property of the deceased that shall come to his possession or knowledge, and by section 1100 it is made the duty of the county court, or judge thereof, to exercise a supervisory control over him, "to the end that he faithfully and diligently perform the duties of his trust according to law." Under these provisions the probate court may order an executor or administrator to file an inventory, and may remove him for want thereof: *Re Holladay's Estate,* 18 Or. 168 (22 Pac. 750); *Marks* v. *Coats,* 37 Or. 609 (62 Pac. 488). In the exercise of this power the court may, perhaps, incidentally pass upon the question of title so far as to determine whether the administrator has been unfaithful to his trust in not inventoring property; but it has no power to strike from an inventory property listed by him, where, as in this case, there is a dispute between him and another as to the possession thereof. Such a controversy necessarily involves

a pure question of title, which cannot be tried and determined by a probate court: 1 Woerner, Adm'r, § 151; Schouler, Ex'rs, § 236; *Re Haas' Estate,* 97 Cal. 232 (31 Pac. 893); *Homer's Appeal,* 35 Conn. 113; *Re King's Estate,* 15 Phila. 559.

It is argued on behalf of the petitioner that, since the county court may require an administrator to file an inventory, it may compel him to file a proper one, and, if necessary, to eliminate therefrom property which does not belong to the estate, and that such an order is not an adjudication of title. But, to determine that the property should not be included in the inventory, the court must of necessity decide that it is not owned by the estate, and its adjudication, therefore, would clearly be one of title, which, as we have seen, is without the jurisdiction of such court. The chief object of an inventory and appraisement is to fix the value and amount of the estate for the purpose of an accounting, and, where an executor or administrator charges himself in his inventory with property as that of the decedent, such inventory, in our opinion, is conclusive upon the probate court, so far as the claims of third persons are concerned, at least until the contrary is made to appear by the judgment of another tribunal having jurisdiction to determine the question of ownership. It is no doubt true that, for the purpose of relieving himself from liability, an executor or administrator may be permitted by the county court to correct his inventory by showing that through a mistake he has charged himself with property not belonging to the decedent. Where an administrator, however, insists and maintains that the property listed by him was that of his decedent, the claimant must be remitted to another forum to test his alleged title to the property. Any other view would embarrass the probate courts with the trials of titles to property, which, under our system, should be had in courts of general jurisdiction and under the course of procedure there provided. It follows

from these views that the decree of the court below must be reversed, and the cause remanded, with directions to dismiss the petition.                                   REVERSED.