LINDEBERG et al. v. DOVERSPIKE et al.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1905.)

No. 1,174.

EQUITY—PROCEDURE UNDER ALASKA CODE—FINDINGS.

Under Code Civ. Proc. Alaska (Carter's Ann. Codes) § 372, which regulates the practice in the trial of causes of an equitable nature, and provides that the court "shall set out in writing its findings of fact upon all the material issues of fact presented by the pleadings, together with its conclusions of law thereon; but such findings of fact and conclusions of law shall be separate from the judgment, and shall be filed with the clerk * * * and constitute a part of the judgment roll of the case," it is not reversible error to state such findings and conclusions in an opinion filed by the judge and referred to in the judgment, at least where no objection or motion for further findings was made.

Appeal from the District Court of the United States for the Second Division of the District of Alaska.

W. H. Metson, J. C. Campbell, Thomas H. Breeze, and Ira D. Orton, for appellants.

W. Lair Hill, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellants were copartners in the business of furnishing water to the city of Nome, Alaska, and they brought a suit against the appellees to enjoin them from discharging mud, dirt, tailings, and impure water into the waters which were the source of supply of the appellants' water works. The appellees answered the complaint, the appellants replied, and upon the issues so made testimony was taken, upon which the court entered a decree in which it was recited, among other things, that the opinion of the court, made and filed in writing, fully sets forth the facts and conclusions of law upon which the decree was based, and that the appellants were not entitled to an injunction as prayed for, and that the suit be dismissed, at the appellants' costs.

The assignments of error relied upon on the appeal are that the court made and entered a final decree without filing a written decision stating the facts found and the conclusions of law separately, and in failing to file a decision in writing stating the facts found and the conclusions of law. The appellants base their assignments of error upon the provisions of section 209 of the Code of Civil Procedure (part 4 of Carter's Annotated Codes of Alaska), in which it is said:

"The decisions shall state the facts found and the conclusions of law separately without argument or reason therefor. Such decision shall be entered in the journal and judgment entered thereon accordingly."

That provision of the Code, however, applies to the trial of issues in a law action where a jury trial has been waived. The provision which regulates practice in the trial of causes of an equitable nature such as the case at bar is section 372. It is there provided that the court—

"Shall set out in writing its findings of fact upon all the material issues of fact presented by the pleadings, together with its conclusions of law thereon; but such findings of fact and conclusions of law shall be separate from the judgment, and shall be filed with the clerk and shall be incorporated in, and constitute a part of, the judgment roll of the case."

Now the clerk's certificate in this case certifies that the transcript is a true and exact transcript of the complaint, answer, reply, decree, assignments of error, petition for order allowing appeal and order allowing same, bond on appeal, and opinion. There is no reference therein to findings of fact and conclusions of law, which under the statute should have been filed separately from the decree, and there is no certificate that such findings and conclusions were not on file and of record in the court below. It must be presumed, in the absence of proof to the contrary, that they were duly made and were on file.

But, if it should be argued that the recital in the decree to the effect that the opinion of the court fully sets forth the facts and conclusions

of law upon which the decree was based is sufficient to indicate that no other findings of fact and conclusions of law were filed, the answer is that the opinion contains findings of fact and conclusions of law, and was intended by the court to serve the purpose of findings of fact and conclusions of law. The most that can be urged against it is that its adoption for that purpose was informal. In the absence of objection on the part of the appellants in the court below, or a motion for further findings in the case, it is certainly not reversible error that none other were filed.

The decree of the court below will be affirmed.