Argued February 17, decided February 23, 1909.

## HARRINGTON *v.* JONES.

[99 Pac. 935.]

HABEAS CORPUS — NATURE AND GROUNDS OF REMEDY — REVIEWING JUDGMENTS.

1. *Habeas corpus* proceedings cannot be resorted to to review judgments or decrees of a court of competent jurisdiction for error, but the jurisdiction of the court over the person and subject-matter may be questioned in such proceedings.

COURTS—COURTS OF PROBATE—JURISDICTION.

2. The county court has no power or authority to determine a dispute between an administrator and a third person, concerning the title to property, but such question must be tried in a court of ordinary jurisdiction.

CONTEMPT—PUNISHMENT—PURGING CONTEMPT.

3. Where a surviving partner has been imprisoned for failure to obey an order of court to deliver partnership property to the administratrix of the partnership estate, the partner is entitled to a discharge from imprisonment under *habeas corpus* proceedings on delivery of the property to the administratrix.

HABEAS CORPUS—PROCEEDINGS—SCOPE OF INQUIRY.

4. A surviving partner was imprisoned for failure to obey an order of court to deliver partnership property to the administratrix of the partnership estate, and petitioned for a writ of *habeas corpus* on the ground that he had complied with the order. *Held*, that the truth of this averment may be inquired into in the *habeas corpus* proceedings, as Section 640, B. & C. Comp., provides that, after the officer has made his return to the writ, the plaintiff may by replication controvert any of the material facts set forth in the return, or may allege any fact to show that his imprisonment or restraint is unlawful, or that he is entitled to his discharge, and thereupon the court shall proceed in a summary way to hear such evidence as may be produced in support of the imprisonment or against the same, and dispose of the party as the law and justice of the case may require; and Section 632 provides that, if no legal cause be shown for the imprisonment or for the continuation thereof, the court shall discharge such party from the restraint under which he is held.

From Jackson: HIERO K. HANNA, Judge.

This is a *habeas corpus* proceedings by John Harrington against Wilbur Jones, Sheriff of Jackson County,

and from an order refusing to issue the writ, the plaintiff appeals. Reversed and cause remanded with directions to issue the writ.

MR. JUSTICE BEAN delivered the opinion of the court.

This is an appeal from an order made by the judge of the circuit for the First Judicial District refusing to issue a writ of *habeas corpus* to inquire into the cause of the imprisonment of John Harrington. From the petition and accompanying documents it appears that in April, 1907, Frances M. Snyder was appointed administratrix of the partnership estate of Victor E. Snyder and John Harrington by the county court of Jackson County; that such court made an order requiring petitioner, as the surviving partner, to deliver and turn over to the executrix the partnership property; that he refused to deliver to her all the property which she claims belonged to the partnership, and in January, 1909, a citation issued from the county court requiring him to appear, and show the cause, if any, why he should not be required to do so. In obedience to this citation, he appeared, and for answer thereto stated that he claimed the property in controversy as his own, and that the title to the same was involved in a suit in equity between himself and the administratrix of the partnership estate, notwithstanding which answer the county court ordered and directed him to deliver to the executrix such property, and that he be imprisoned in the county jail until he complied therewith. A warrant of arrest was thereupon issued, and petitioner arrested and committed to imprisonment. The petition further alleges that, after the order of the county court was made, the petitioner delivered to the administratrix all the property in his possession, which she alleges belongs to the partnership estate, but, notwithstanding such delivery, the sheriff still retains him in custody for the alleged reason that she claims that he did not deliver all such property.

The circuit judge refused to allow the writ, and the petitioner appeals.

1. The refusal to grant the writ of *habeas corpus* was apparently based on the theory that the petitioner was in prison by virtue of a judgment or decree of a competent tribunal, and, therefore, under Section 660, B. & C. Comp., was not entitled to prosecute the writ. It is familiar law that *habeas corpus* proceedings cannot be resorted to for the purpose of reviewing judgments or decrees of a court of competent jurisdiction for either errors of fact or law. It cannot be made to serve the purpose of an appeal. But, unless the court issuing the commitment had jurisdiction of the person and the subject-matter, its judgment is void, and may be questioned in a *habeas corpus* proceeding.

2. The statute provides that the surviving partner on demand of the administrator of a partnership estate shall deliver to him all the property of the partnership, and that, if he refuses or neglects to do so, he may be cited to appear before the county court or judge, and, "unless he show cause to the contrary," the court or judge shall require him to comply therewith. Sections 1133, 1134, B. & C. Comp. It has been repeatedly held by this court that a county court has no power or authority to determine a dispute between the administrator of an estate and a third person concerning the title to property, but that such question, if an adjudication becomes necessary, must be tried in a court of ordinary jurisdiction. *Gardner* v. *Gillihan,* 20 Or. 598 (27 Pac. 220) ; *Dray* v. *Bloch,* 29 Or. 347 (45 Pac. 772) ; *in re* Bolander's Estate, 38 Or. 490 (63 Pac. 689).

3. Under these decisions, it is very doubtful whether a county court has the power or authority to determine the question of title between the administrator of a partnership estate and a surviving partner who claims and alleges that the property claimed by the administrator is his individual property, and does not belong

to the partnership and therefore, when cited to appear, in accordance with the provisions of section 1134 he sets up title in himself, it is showing "cause to the contrary" within the meaning of that section. If this is a proper interpretation of the law, the order or judgment of the county court directing the petitioner to deliver the property in controversy to the administratrix of the partnership estate was without authority and void, and his imprisonment is not by virtue of a judgment or decree of a competent court. But, however that may be, the petitioner alleges that he has complied with such order, and delivered to the administratrix all the property belonging to the partnership. If that averment is true, he, under the terms of the order, is entitled to discharge, and this matter can be inquired into in a *habeas corpus* proceeding.

4. The statute provides that after the officer has made his return to the writ the plaintiff may, by replication, controvert any of the material facts set forth in the return or may allege any fact to show either that his imprisonment or restraint is unlawful or that he is entitled to his discharge; and thereupon the court or judge shall proceed in a summary way to hear such evidence as may be produced in support of the imprisonment or restraint or against the same, and to dispose of the party as the law and justice of the case may require. Section 640, B. & C. Comp. And if no legal cause be shown for such imprisonment or restraint, or for the continuation thereof, the court or judge shall discharge such party from the custody or restraint under which he is held. Section 632, B. & C. Comp.

Under these provisions it was, in our opinion, the duty of the judge to whom the petition was presented, to have allowed the writ and required the officer having the custody of the petitioner to make the proper return thereto, so that it could have been determined whether the imprisonment was unlawful either because the order

committing him was void or he had complied therewith. For these reasons, we think the judgment or order appealed from must be reversed, and the cause remanded, with directions to issue the writ.

REVERSED WITH DIRECTIONS.

Decided February 23, 1909.