Argued July 14, decided August 3, 1910.

## ISAKSON v. STEVENS.

[110 Pac. 393.]

HABEAS CORPUS—RETURN—TIME TO MAKE.

Under Sections 631, 640, B. & C. Comp., authorizing the court in *habeas corpus* to inquire into the cause of imprisonment, and providing that the return to the writ may be controverted, a return to a writ, made after the date specified in the writ directing a return, and after the filing of a motion to discharge petitioner, may be considered, and where the return discloses a good cause for the prisoner's detention the court may remand him to custody.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

The appellant, Linfried Isakson, was arrested in Multnomah County, Oregon, upon information based on telegraphic communication charging him with being a fugitive from justice from the state of Minnesota.

He sued out a writ of *habeas corpus* and upon a hearing in the circuit court, was remanded to the custody of the respondent, R. L. Stevens, as sheriff. From the order and judgment entered therein, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John A. Jeffrey, Mr. Charles E. Lenon* and *Mr. C. A. Ambrose,* with oral arguments by *Mr. Jeffrey* and *Mr. Lenon.*

For respondent there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. George J. Cameron,* District Attorney, and *Mr. Thad W. Vreeland,* Deputy District Attorney, with an oral argument by *Mr. J. H. Page.*

MR. JUSTICE KING delivered the opinion of the court.

This is an appeal by Linfried Isakson from a judgment in a *habeas corpus* proceeding refusing to release him from the custody of the sheriff of Multnomah County. The petition was filed on February 13, 1909, and writ issued, directing a return thereto on the same day. No return having been made on the day specified, a motion to discharge the petitioner was filed by his counsel. The cause was continued until February 19th, when a return was made by the defendants, disclosing the cause of the prisoner's detention, resulting in a denial on that date of the petition and motion, and in the remanding of Isakson to the custody of the sheriff.

The sufficiency of the showing in the return is not questioned, but it is insisted that, since the return was made after the date specified in the writ, the court erred in remanding the prisoner to the sheriff's custody on the showing made by and with the return. We are unable to accede to this view. Section 631, B. & C. Comp., authorizes the court to inquire into the cause of imprisonment and retention of one in another's custody, and, as construed and applied in *Harrington* v. *Jones,* 53 Or. 237, 240 (99 Pac. 935), Section 640 provides that the return may be controverted, thus clearly implying it to be unnecessary that the cause be disposed of upon the immediate date fixed for the return, or upon which the inquiry may

be begun, and that like trials in other cases, the court may have a reasonable time in which to investigate the grounds upon which the person in custody may be detained.

The date for beginning this inquiry, as disclosed by the record was on February 13th, and presumably the court began its investigation on that date. The decision was rendered on February 19th, during which time ample showing was made to warrant the restraint complained of; hence there was no error in the proceedings.

The case of *In re Doo Woon* (D. C.) 18 Fed. 898, relied upon by the plaintiff, is not in point. The return there complained of was made after writ of *habeas corpus* had been applied for and the prisoner discharged, and after a second warrant for his arrest and detention thereunder had been made. The legal points presented for consideration in the second proceeding in that case are not here involved.

The judgment of the circuit court is affirmed.

AFFIRMED.

Decided August 3, 1910.