[No. 4166.]

## BUTLER V. MAIER.

1. DAMNUM ABSQUE INJURIA—*Affords No Action.* A corporation had agreed to convey to defendant, certain lands and water rights upon conditions specified. Defendant assigned the contract to plaintiff, agreeing to pay the interest up to a certain date upon the installments of purchase money due to the corporation. *Held* that though defendant had defaulted, the plaintiff, not having himself made the payment, nor sustained any injury by defendant's default, was not entitled to an action. (366.)

2. PRACTICE—*Waiver of Objection.* One who appears to contest in the County Court, a motion for a new trial, without objection, will not be heard to afterwards object that the motion was not made in due time. (366, 367.)

Error in the denial in the District Court, of a motion to dismiss an appeal from the County Court, is waived by proceeding to trial upon the merits. (367.)

3. APPEALS AND ERROR—*What May Be Assigned for Error.* Error can not be assigned upon the refusal to allow an answer to a question where the purpose of the question, or the testimony sought to be elicited, is not made to appear. (367.)

*Error to Prowers District Court.* HON. A. WATSON MC-HENDRIE, Judge.

MESSRS. HESS & CUCKOW, for plaintiff in error.

MESSRS. GORDON & GORDON, for defendant in error.

KING, J., delivered the opinion of the court.

In this opinion defendant in error will be called plaintiff, and plaintiff in error will be called defendant, as in the trial court.

Defendant assigned to plaintiff two written contracts by which The Arkansas Valley Sugar Beet and Irrigated Land Company agreed to convey to defendant certain lands and water rights, in consideration of payments to be made, and conditions to be performed, by defendant as therein specified. The complaint alleges, and the evidence for plaintiff tends to prove, that upon making said assignments defendant agreed to pay all the interest to August 9, 1912, on deferred payments, and all assessments on water rights to October 1, 1912, as required to be paid by the terms of the contracts so assigned; that said interest amounted to $417.53, and water assessments to $112.00; that defendant had not paid the same, and that plaintiff had paid the water assessments only. The jury was instructed to return a verdict for plaintiff for both amounts, with interest added, if it found that defendant agreed to pay said items. Verdict and judgment for plaintiff in the sum of $561.20.

1. Until plaintiff has paid the interest in question, or has been otherwise damaged by failure of defendant to pay the same, no cause of action has accrued in plaintiff's favor on that account. By the terms of the alleged agreement he was not compelled to pay the interest, and by the assignments defendant was not relieved of his liability to pay it to the land company. No cause of action was alleged or proven to sustain the instruction or verdict as to that item.

2. The court did not err in overruling defendant's motion to dismiss the appeal from the County Court. The error assigned, so far as it is based on proceedings in the County Court, was waived by appearing in that court on the motion for new trial, without objection on the ground that the motion was not made in due time. Moreover, even if it be assumed that the District Court should have granted the motion to dismiss the appeal that error was waived by

going to trial on the merits. ' Defendant thereby submitted' himself to the jurisdiction of the District Court, and cannot now be heard to raise that objection. *Silver Mountain Mining Co. v. Anderson,* 51 Colo., 298, 301, 117 Pac., 173; *Tucker v. Tucker,* 21 Colo. App., 94, 121 Pac., 125; *Brown's Estate v. Stair,* 25 Colo. App., 140, 146, 136 Pac., 1003; *Fairbanks, Morse & Co. v. McCloud,* 8 Colo. App., 190, 194,. 45 Pac., 282.

3. The error assigned to the ruling of the court in excluding certain testimony offered by defendant's witnesses, Pierce and Thurston, is unavailing for reasons given in *City of Pueblo v. Bradley,* 23 Colo. App., 177, 179, 128 Pac., 888.

4. All other objections raised by the assignment of errors have been considered, and are overruled.

Judgment will be reversed and the cause remanded, with directions to enter judgment for plaintiff for $112.00, together with interest thereon at 8% per annum from the date of the commencement of this action in the County Court, and to dismiss the cause of action upon the item of deferred interest, without prejudice to plaintiff's right to begin a new suit to recover on that part of the agreement if he be so advised.

*Reversed and Remanded.*