Meals, J.
Error to the court of common pleas.
On the 20th day of January, 1915, the plaintiff in error instituted proceedings in replevin against the defendant in error in the Municipal Court of Cleveland for recovery of certain personal property, to-wit, one diamond ring, one diamond stick pin, and sixty dollars in currency. Thereupon summons was duly issued by the clerk of the municipal court and placed in the hands of a deputy bailiff of said court for service. On the 22d day of January, 1915, said bailiff returned said summons endorsed as follows:
“Received this writ January 20, 1915, and by virtue thereof I searched for the chattel ..property within described but failed to find the same. I served this writ on the within named de *482 fendant, Mrs. John Cadisch, whose real name I found to be Frances, by delivering to her a true and certified copy thereof, with all endorsements thereon. Charles L. Selzer, bailiff, by Ed E. Peck, deputy bailiff.”
During the pendency of said action in the municipal court, to-wit,. on the 22d day of January, 1915, the plaintiff in error duly instituted in the Probate Court of Cuyahoga County proceedings charging the defendant in error with concealing, withholding and appropriating property to her own use in fraud of the rights of the administratrix and others interested in the estate of James Rees, deceased. Summons was duly issued and served.
On the 27th day of January, 1915, during the pendency of said replevin action in the municipal court, and without objection, a trial was had in the Probate Court of Cuyahoga County before the Honorable Alexander Hadden, judge of said court, on the merits of said complaint, and the judgment of said court — a jury having been waived — was entered for the defendant in said proceeding, the defendant in error in this action.
On the 5th day of February, 1915, a trial of said replevin action was had in the municipal court. At said trial the defendant in error offered in evidence the original papers and a certified copy of the docket entries of the proceedings had in the probate court, in support of a plea In bar to said action. This evidence was excluded by the court, and the trial resulted in a judgment for the plaintiff in error. This judgment was reversed by the court of common pleas. Error is prosecuted in this court to reverse the judgment of the court of common pleas.
One question only is presented for our consideration: Did the proceedings in the probate ■ court constitute a trial of the right of property? If so, it is admitted that the municipal court erred in excluding the evidence offered of said proceedings in the probate court.
The act of February 26, 1843, supplementary to the act for the settlement of estates of deceased persons, provided that "upon complaint of an executor or administrator before the probate court against any person suspected of having concealed, *483 embezzled or carried away the property or effects of the estate, the parties suspected shall be cited to appear before the court and submit to an examination touching the matter of complaint.” It also provided that either party might examine witnesses and required the court to reduce all such examinations to writing, to be signed by the parties and witnesses respectively, and file the same in the court. The act further provided that “if upon such examination the probate court shall be of opinion that the person or persons so accused is or are guilty of having concealed, embezzled or carried away any of the money, goods,” etc., of the estate, “the court shall forthwith render judgment in favor of the executor, etc., against such person for the amount or value of the money or goods, together with ten per cent, penalty, which judgment, the act declared, shall be a lien upon his estate and be collected by execution.”
In Howell v. Fry, 19 O. S., 556, the constitutionality of this act was attacked, on the ground that it provided for a trial of the right of property to court and without the intervention of a jury. The court held the law unconstitutional, and in its opinion said:
“If the defendant denied the truth of the charge, he had a constitutional right to a jury trial, and could not be deprived of that right by this summary proceeding, in which no provision is made for a jury trial or for the right of appeal. The statutory provision authorizing a judgment can only be sustained as constitutional and valid in so far as it applies to a case where the defendant does not controvert the truth of the complaint. ’ ’
Thereupon the statute was amended so as to cure the defect found in it by the court in Howell v. Fry, supra. It is found in Sections .10673, et seqs, of the General Code:
“Section 10673. Upon complaint made to the probate court or the common pleas court of any county, by the executor, administrator, creditor, devisee, legatee, heir or other person interested in the estate of a deceased person, or by the creditor of any devisee, legatee, heir or other person interested in such estate, against the executor or administrator of such deceased person, or against any person suspected of having concealed, embezzled, or conveyed away moneys, goods chattels, things in *484 action, or effects of such decedent, tbe court shall cite such executor, administrator or other person suspected, forthwith to .appear before it to be examined, on oath, touching the matter of the complaint.
“Section 10674. When complaint is made to the probate court and a jury is demanded by either party, the court may forthwith reserve the case to the court of common pleas for hearing and determination, and it thereupon shall proceed in all respects as though the complaint had been originally made therein. ’ ’
“Section 10678. By the verdict of a jury, if either party requires it, or without, if not required, the court shall determine whether the person or persons accused is or are guilty of either having concealed, embezzled or conveyed away moneys, goods, chattels, things in action or effects of such deceased persons, and if found guilty, the amount of damages to be recovered on account thereof. In .all eases except when the person so found guilty is the executor or administrator of such deceased person, the court forthwith shall render judgment in favor of the executor or administrator or if there be no executor or administrator in this state, in favor of the estate, against the person or persons so found guilty for the amount of the moneys or the value of the goods, chattels, things in action, or effects so concealed, embezzled or conveyed away, together with ten per cent, penalty and all costs of such proceedings or complaint, which judgment shall be a lien upon the real estate of the person or persons against whom it is rendered within the county from the rendition thereof. If the party so found guilty is the executor or administrator of such deceased person, the court forthwith shall render li'ke judgment in favor of the estate against him for such .amount or value, together with penalty .and costs as aforesaid.
“Section 10)679. Such judgment shall be a lien upon the real estate of the executor or administrator, within the county from the rendition thereof. The probate court must forthwith remove such executor or administrator and commit the administration of the estate, not .already administered, to some other person or persons. The executor or administrator so removed, shall not receive compensation for acting as such, and must be charged in his account .with the amount of such judgment. His property also shall be liable for the satisfaction of the judgment on execution issued thereon by his successor, who-, when the judgment is rendered by the probate court, must file a transcript with the clerk of the common pleas court and cause such proceedings to be had as are contemplated in the next following section.
*485 “Section 10680. The executor or administrator in whose favor such a judgment has been rendered by the probate court, may forthwith deliver to the clerk of the common pleas court in the county, an authenticated transcript which the probate judge on demand of such personal representative shall make out and deliver to him. On such transcript the clerk forthwith must issue an execution of the common pleas court for the amount of the judgment and costs, and the costs accrued, or that may accrue thereon. Thenceforth proceedings on execution shall be the same as if the judgment had been rendered in such court.”
In our opinion the act now provides for a trial of the right of property, and á judgment entered by the probate court, in proceedings before it pursuant to the provisions of said act, may be pleaded in bar of another action to try the title to or the right of possession of the property involved in said proceedings.
But few of the states have statutes on this subject similar to ours. Authorities, therefore, which might aid us in arriving at a correct conclusion in the case at bar are not numerous. The statute of Missouri on this subject is similar in substance to that of Ohio, and the Missouri courts have held that it contemplates a trial of the right of property.
In Re Estate of Jacob Huffman, Deceased, et al v. Huffman, 132 Missouri Appeals Reports, 44, paragraph 2 of the syllabus is as follows:
“In a proceeding under the provisions of Sections 74 and 78, Revised Statutes 1899, interrogatories may be exhibited against the person cited and evidence heard on them to try the right of property, concealed or embezzled or otherwise wrongfully withheld by such person; the former rulings that such a proceeding was only to facilitate the discovery of hidden assets, preliminary to an action to recover them, and a showing, on the part of the person proceeded against, that they were held in good faith, would stop further proceedings, are unsound in principle and in conflict with the decisions of the Supreme Court! ’ ’
In the opinion the court say:
“The Missouri statutes dealing with the subject differ from those of ,all the other states we have examined in essential particulars; chiefly in providing for a trial by jury of the issues *486 raised. This provision is not found in any of the statutes of other states cited infra, except Maryland (and we might add, Ohio) ; and text-writers derive the proposition that the right of property can not be tried in a proceeding like this one, from oases in other jurisdictions. * * * But those cases, so far ,as the decisions are based on the lack of a statutory provision for a trial by jury, should be eliminated in considering the effect of our statutes. The opinions usually treat this omission as the decisive reason.for saying property rights can not be determined. * * * In Maryland the Orphans’ Court of probate jurisdiction, in analogy to the old chancery- practice, may refer the issues to -a law court to be tried but can not try them itself. * * * Under statutes granting this privilege, it was held in -a majority opinion, the jurisdiction of the orphan’s court was confined to determining whether or not the defendant had concealed the property mentioned in the affidavit, and if he openly admitted possession, but claimed title, his right could not be determined. A dissent was filed. Gilson v. Cook, Admr., 62 Md., 256. In several states the sole aim of the law is the discovery of assets — -not to compel the party in possession to turn over or inventory property, but to compel him to submit to an examination in order that his statements, and some times those of other witnesses as well, may be filed.in writing as a basis for other proceedings to recover the property. * * * In New York .the statutes expressly provide that if the defendant files ,a verified answer alleging ownership of the property, the proceeding shall be dismissed without further examination. * * * The Texas statutes pertain only to papers and documents belonging to the estate. * * * The statutes of Arkansas, Utah and Nevada permit a summary order by the court for the delivery of the detained property, but provide for no examination of witnesses or jury trial. * * * The following decisions held the purpose of the statutes dealt with was to provide a means of discovery, not recovery, of assets; Gardner v. Gillihan, 20 Ore., 598; and others. It will be seen from the foregoing summary of statutes and cases that the adjudications in other jurisdictions can lend little assistance in the attempt to ascertain the object and effect of our statutes, in consequence of the wider scope of the procedure these provide and •the use materially different language — language suggestive of an intention to create a new method of both discovery and recovery. It is worthy of note that in the statutes of 1845, where the proceeding w,as first authorized and presumably the policy of the Legislature put into effect, it is said if the defendant appears and in his answer to the interrogatories denies the right of the executor or administrator to the goods, chattels, money, etc., *487 ‘the right thereof shall be tried by a jury; or, if .neither party require a jury, by the court, in a summary manner, and judgment shall be rendered according to the right and for costs.’ This language imports a purpose to provide a method for determining the right of property as between the estate and the person accused of concealing or embezzling assets. The statutes of 1855 (Sec. 10) instead of saying the right shall be tried, say the issue shall be tried; meaning the issue of whether the property is concealed or embezzled. The present statutes cover .assets concealed, embezzled or otherwise wrongfully withheld, and Sections 77 and 78 say the issue upon the interrogatories and answers filed, shall be tried by a jury, etc., and if the defendant is convicted, the court shall compel him to deliver the property detained; or if he be an executor or administrator, compel him to inventory it. In our opinion this legislation was not enacted merely to provide a method of investigating the good faith of a person who detains assets, but to provide also a remedy by which detained assets could be brought quickly into the course of administration. The notion that the only object was to facilitate the discovery of hidden assets, preliminary to an action to recover them, is fallacious and founded on the decisions of jurisdictions where statutes, enacted only to assist discovery, prevail; and which do not take care of the constitutional right of trial by jury in eases involving property rights, because no property rights are involved under said statutes, but only information. In this state a jury trial of the issues is .allowed and also an appeal; thus preserving ■ to a defendant all the rights he would enjoy in any other form of action. It is unlikely that this elaborate procedure was devised simply to discover assets. The purpose was broader — to expedite the administration of estates by .affording a new and speedy remedy for collecting assets.”
On these considerations, we find no error in the record, and the judgment of the court of common -pleas is affirmed.
Grant, J., and Carpenter, J., concur.