## STONE v. HOWELL.

Circuit Court of Appeals, Ninth Circuit.
July 15, 1929.

No. 5732.

Harry E. Pratt, of Fairbanks, Alaska, and Herman Weinberger, of San Francisco, Cal., for appellant.

John A. Clark, of Fairbanks, Alaska, and Thomas R. Lyons and Ira D. Orton, both of Seattle, Wash., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. At the time of his death, Tom Smith had in his name and possession certificates for 4,000 shares of corporate stock. After the appointment and qualification of the appellant as administrator of his estate, appellee represented to him that in fact the stock belonged to appellee, and demanded transfer and possession thereof. The demand being refused, claimant filed in the probate court, where the administration was pending, a petition setting forth in some detail the transaction by which the decedent had been given possession, from which it clearly appeared that the estate had no interest, that the entire beneficial interest was in appellee, and that he should be reinvested with the title and given possession. The administrator answered without in any way questioning the jurisdiction of the court to determine the issue. Upon a hearing, the probate court held that the stock belonged to

the estate, and denied the petition, whereupon, as authorized by the Alaska Code, the claimant appealed to the District Court. There the administrator interposed a demurrer to the petition, challenging its sufficiency, and asserting a misjoinder of causes of action, but in no wise suggesting any question of jurisdiction. The demurrer was properly overruled, whereupon the administrator answered, putting in issue appellee's claim of ownership, but again in no way raising any question of jurisdiction. After hearing the evidence, the District Court found that the averments of the petition were true, and granted the petitioner the relief for which he prayed. From this decree the administrator appeals.

The record does not purport to exhibit the evidence, and our consideration is therefore necessarily limited to such questions as arise on the judgment roll. The contention most earnestly pressed is that the probate court did not have jurisdiction to try a question of title, and that therefore on appeal the District Court was likewise without jurisdiction. The reasoning is that under the Alaska statutes the probate court is authorized only to adjudicate claims, and that "claim" does not embrace a case of the asserted ownership of specific property in the possession of the decedent at the time of his death, but that such an issue is exclusively for a court of general jurisdiction. It is conceded that the District Court is such a court, and that, had appellee originally brought his petition or complaint there, the cause could and should have been tried in substantially the manner in which it was, in fact, tried below, but it is said jurisdiction could not be conferred by an appeal from the probate court. It is further conceded that the relief sought is essentially equitable in its nature, and we entertain no doubt that, in substance, the petition is sufficient to constitute a good bill in equity. Perhaps it is not highly material, but, under the Alaska Code, probate jurisdiction is exercised by a commissioner appointed by the District Court, and, in case a "claim" is rejected by an administrator, it may in the first instance be presented to and passed upon by either the commissioner or the District Judge.

No decision of the Alaska courts has been called to our attention construing the local statutes as excluding from the jurisdiction of the probate courts an issue of title such as is here involved, particularly where the res is in the possession of the administrator, and hence under the control of the probate court, and where, as here, the claimant voluntarily

submits himself and his cause to its jurisdiction. But the Code seems to have been adopted from Oregon, and, in construing corresponding provisions of the Oregon Code, the Supreme Court of that state has apparently adopted the view advanced by appellant. See Gardner v. Gillihan, 20 Or. 598, 27 P. 220; In re Bolander's Estate, 38 Or. 490, 63 P. 689; Dunham v. Siglin, 39 Or. 291, 64 P. 661; Harrington v. Jones, 53 Or. 237, 99 P. 935; Hillman v. Young, 64 Or. 73, 127 P. 793, 129 P. 124.

While some of the reasoning in Esterly v. Rua, 122 F. 609, decided by this court, is apparently to the contrary, the case cannot be said to be decisive of the precise question here presented. But for another consideration there recognized, we are of the opinion that the objection is not presently available to appellant. Upon pleadings that were adequate for an original plenary suit in equity, the parties had a trial de novo in a court clothed with jurisdiction of the subject-matter. They both proceeded on the theory that the court was authorized to adjudicate the controversy, and not until toward the close of the trial did the appellant raise any jurisdictional question. The record does not disclose the form in which the objection was made or at just what stage of the proceedings, for we have only a recital in the court's final opinion that in some manner the question had arisen on the preceding day. That, we think, was too late. Strikingly apposite is the following language used by Judge Gilbert in the Esterly Case:

"But if, indeed, the appellee were, under the Code of Alaska, required to resort to a court of equity to establish the fact of the copartnership and his claim against it, the proceedings which were had in the District Court would fully answer the requirements of such a suit. The petition of the appellee contained all the necessary averments of a bill in equity. The court had jurisdiction of such a suit. The appellant answered, and the issues raised on the petition and the answer were tried by the court on the evidence which was adduced. The order and judgment of the court thereon may be regarded as a decree establishing the right and the claim of the appellee."

See, also, Toledo, St. L. & W. R. Co. v. Perenchio (C. C. A.) 205 F. 472, 476; In re Crawford, 68 Ohio St. 58, 67 N. E. 156, 160, 96 Am. St. Rep. 648; Randolph County v. Ralls, 18 Ill. 29; Adams County v. Scott, 117 Wash. 85, 200 P. 1112; Butler v. Maier, 27 Colo. App. 365, 149 P. 1053; State v. Nixon (Mo. Sup.) 133 S. W. 340;

Wrolson v. Anderson, 53 Minn. 508, 55 N. W. 597; School District v. Gautier, 13 Okl. 194, 73 P. 954.

Under the Alaska Code, findings of fact are required in both actions at law and suits in equity, and appellant assigned as error the failure of the court to make findings. But, while there were no formal findings set forth in a separate instrument, as a part of the decree, preceding the decretal matter are clear and express findings upon every material issue. This we deem a substantial compliance with the statute. In Hopkins v. Warner, 109 Cal. 133, 139, 41 P. 868, 869, the Supreme Court of California, where generally the rule of express findings has been rigidly enforced, said:

"The judgment is not rendered ineffective by reason of being contained in the same document with the findings. There is no rule which requires the findings and the judgment to be incorporated in separate documents."

See, also, Hector v. Hector, 51 Wash. 434, 99 P. 13, Lindeberg v. Doverspike (C. C. A.) 141 F. 59, and generally, with citations, 38 Cyc. 1960 et seq.

There is a further contention, not very clearly disclosed in the record or defined in the briefs: It would seem that the taking of evidence closed on December 20, 1928, whereupon, after hearing the arguments, the court forthwith rendered its decision from the bench, a transcript of which was several days later filed in the cause. The judgment incorporating the findings of fact and conclusions of law was made and filed December 21st. Appellant argues that by such a prompt entry of judgment he was deprived of the opportunity to propose findings, to except to the findings made, and to present a motion for a new trial. For the assumption that a motion for a new trial cannot be made after the entry of judgment, no authority, statutory or otherwise, is cited, nor is our attention called to any provision requiring delay in entering judgment for any specified period after the decision is rendered and findings are filed. But, however that may be, appellant made no application to the court for time, asked for no relief from any error of procedure, if any such error was made, and, in short, made no application or request of any kind, and took no exception to anything that was done. A party cannot thus remain silent in the trial court and for the first time be heard to complain or ask for relief in the appellate court.

No prejudicial error appearing, the decree will be affirmed.