Decided 7 August, 1899.

## METSCHAN v. GRANT COUNTY.

[58 Pac. 80.]

1. COUNTIES—LIABILITY FOR BAIL UNLAWFULLY COLLECTED.—Where, after appeal from a judgment rendered on an undertaking of bail in a criminal action, and pending its determination, property of a surety was sold to satisfy such judgment, and the money paid to the county, and the judgment was subsequently reversed, the county is liable for the restitution of the money so collected.

2. ACTION AGAINST COUNTY—WRIT OF REVIEW.—The duty of a county, after the reversal of a judgment on a forfeited bail bond in a criminal action, to restore the money collected under such judgment, is an obligation imposed by law, which may be enforced by an action against the county; and the claimant's remedy is not confined to a writ of review.

From Grant: MORTON D. CLIFFORD, Judge.

This is an action brought by Phil Metschan against Chas. F. Hyde and Grant County for the restitution of money collected on a judgment which was subsequently reversed on appeal. The complaint alleges, in substance, that on the twenty-ninth of November, 1892, judgment was rendered against Cross and Greenwell for the sum of $1,000 and costs, in an action brought against them by the defendant Hyde, as district attorney for the sixth judicial district, in his own name, but in the interest and for the benefit of the defendant county, upon an undertaking of bail in a criminal action; that an appeal was duly and regularly taken from such judgment, and it was in all things reversed, and the cause remanded to the circuit court, with direction to enter a judgment in favor of the defendants; that after the appeal had been taken, and pending its determination, Hyde, acting for and in the interest of the defendant county, and for its benefit,

caused a large amount of real and personal property belonging to Greenwell, of the value of $6,500, to be seized under an execution, and sold for the sum of $1,322.17, which was paid to the defendant county, and has been kept and retained by it ever since; that after the reversal of such judgment the claim of Greenwell for restitution was presented to and rejected by the county court of the defendant county, and subsequently assigned and transferred to the present plaintiff. A demurrer to the complaint was sustained by the court below, and judgment entered dismissing the action, and plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Lionel R. Webster* and *Cicero M. Idleman*, with an oral argument by *Mr. Webster.*

For respondents there was a brief over the names of *Wm. Miller*, District Attorney, and *John L. Rand*, with an oral argument by *Mr. Miller.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. It is conceded by the defendant's counsel, in effect, if not in terms, that under the facts alleged in the complaint the plaintiff is entitled to restitution, but his contention is : First, that Grant County is not liable ; and, second, that plaintiff's remedy was by a proceeding to review the action of the county court in refusing to pay his claim. The first position is based on the theory that money collected on a forfeited undertaking of bail in a criminal action belongs to and becomes a part of the school fund of the state, over which the county has no control. We have not been cited to any provision of the constitution or statute to that effect, nor have we been able

to find any.   It is true, Article VIII, § 2, of the Constitution provides that all moneys and clear proceeds of all property which may accrue to the state by escheat or forfeiture shall become a part of the irreducible school fund, the interest of which shall be exclusively applied to the support and maintenance of the common schools ; but we do not understand that it is claimed that money collected on a forfeited bail bond becomes a part of the irreducible school fund of the state, subject to the control and management of the board of school land commissioners, and hence this provision of the constitution can have no application to the case in hand.   Section 348 of Hill's Ann. Laws provides that fines and forfeitures not specially granted or otherwise appropriated, when recovered, shall be paid into the treasury of the proper county ; and section 1497, that, if money deposited in lieu of bail in a criminal action is forfeited, the clerk must, after the final adjournment of the court, forthwith deposit the same with the county treasurer, which would seem to imply that money received or collected on an undertaking of bail in a criminal action becomes a part of the general assets of the county.   But, however that may be, the money collected on the judgment against Greenwell, and paid into the county treasury, could only become a part of the county school fund, which the law requires to be distributed by certain county officers among the several school districts of the county at regular and stated intervals (Hill's Ann. Laws, § 2590); and we think the county is just as liable under such circumstances as if the money had been paid into its treasury for other purposes.   In such case the claimant or person entitled to restitution ought not to be denied relief because the money which he seeks to recover could only be used for some special and designated purpose.   So that whether the proceeds of the judgment against Greenwell became a part of the general

assets of the county, as the complaint alleges, or a part of some special fund, to be disbursed by the county officers in some specified manner, can make no difference as to the county's liability to the plaintiff.

2.   Nor do we think there is any merit in the contention that the plaintiff's remedy was by a writ of review, and not by an action against the county.  In *Grant County* v. *Lake County*, 17 Or. 453 (21 Pac. 447), and in *State* v. *Baker County*, 24 Or. 141 (33 Pac. 530), it was held that the right to maintain an action against a county on an obligation imposed by law is not derived from section 350 of the statute, but exists independently of it; and the duty of the county to make restitution in the case at bar, under the allegation of the complaint, is an obligation imposed by law.

A question is suggested in the plaintiff's brief as to whether the defendant must account for the actual value of the property sold, or only for the sum which it brought at the sale, with interest added.   But it cannot properly be determined on a demurrer to the complaint, because, under either view, the complaint states a cause of action : *Sunnyside Land Co.* v. *Willamette Bridge Ry. Co.* 20 Or. 544 (26 Pac. 835).   It follows that the judgment of the court below must be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.                              REVERSED.

Decided 20 November, 1899.