Argued February 14, affirmed March 11, 1919.

## In Re McGINNIS' ESTATE.

## McGINNIS v. CONDRON.

(179 Pac. 254.)

**Executors and Administrators—Wills—Oregon—County Court—Jurisdiction.**

1. A court having power to control executors and settle their accounts has implied power to construe wills, at least so far as they dispose of personalty, and hence a County Court has jurisdiction of a petition to declare a will void and to remove executors.

**Perpetuities—Trust—Duration.**

2. A will devising and bequeathing property to executors in trust, which directed the property to be distributed at the time testator's youngest child should reach the age of 30 years, etc., *held* not to create a perpetuity, and not to be invalid.

**Executors and Administrators—Removal—Grounds.**

3. Where testator's will devised and bequeathed property to executors in trust, and the executors were directed to maintain and support the testator's minor children, and under certain conditions to remove them from the custody of their mother, *held*, that a petition seeking removal of the executors was properly denied, the will being valid, and it not appearing that they had failed in their duties, or were attempting unlawfully to interfere with the mother's custody.

   [As to grounds for removal of executor or administrator, see note in 138 Am. St. Rep. 525.]

From Coos: JOHN S. COKE, Judge.

Department 2.

On August 16, 1904, Thomas McGinnis executed his last will and testament, which contains the following provisions material to this opinion:

"I give, bequeath and devise to Ivy Condron and J. W. Bennett of Marshfield, Coos County, Oregon, in trust, for the purposes hereinafter specified, all of my property, real and personal and mixed, of every nature and description whatsoever, of which I may die seized or possessed, subject only to my wife's right of dower therein given to her under and by virtue of the laws of the State of Oregon. The said trustees are to collect the rents, issues and profits of my said property, real, personal and mixed, and to collect or dispose of the personal property in any manner they see proper, and to use the same and the proceeds thereof in the support, maintenance and education of my minor children, to-wit, Mary McGinnis, my daughter, now about the age of two years, and my son, Thomas McGinnis, now about the age of one year, and any child or children of mine born subsequently hereto, or so much thereof as to said trustees shall seem proper. And for the purpose of supporting, maintaining, educating, bringing up, protecting and comfort of my said children, in such manner as to my said trustees shall seem best, they are hereby authorized and empowered, without the order or supervision of any court whatsoever, to mortgage, lease, sell and dispose of any and all of the real property of which I may die seized, and to convert the same into money, at any time they see proper; and said trustees are authorized to invest the proceeds of my estate, or of any portion thereof, in such manner as to them shall seem for the best interest of my said minor heirs; and to retain any surplus or any portion of the property not sold by them, until said minor children each and all of them reach the age of thirty years. And upon the youngest of my children reaching the age of thirty years said trustees shall divide all the property remaining belonging to my estate, between my children then living, share and share alike. And I direct that in case any of my children shall die then the share which he or she would take hereunder shall be given to the survivors or survivor, provided, however, that if such deceased child shall have married and leaves lineal descendants, then the

share which the deceased would take if living shall be given to his or her child, if living at the time of final distribution of my estate, otherwise the share of such deceased child of mine shall be given to my surviving children as aforesaid. And if any child or children are born to me after the date hereof then such child or children shall be, and are hereby put upon equal footing with my two children named hereinbefore, in every respect, including inheriting hereunder, and the support, maintenance, education, care, comfort, etc., provided as aforesaid.

"The trustees hereinbefore named are given discretionary power to terminate this trust at any time when to them seems advisable, by distributing the funds on hand to my children, share and share alike, or the survivor of them in case any one of them should be deceased.

"It is also made discretionary with said trustees as to what amount they shall expend on the support, maintenance, care and education of said minor children; and if in their discretion, or in the discretion of either of them, they consider it unwise to use any of the trust funds in the support, maintenance, education, care, comfort or bringing up of said minor children or of either or any of them, they, the said trustees, are hereby authorized to retain the moneys belonging to my said estate until such time as they see fit, and not to expend any further sums for that purpose. And it is specially my desire that said discretion be exercised and enforced after my children reach the age when they should provide for themselves, it being my wish that they learn how to earn a living for themselves before they reach the age of thirty years, so that when the trust funds are distributed they will appreciate the value of money, and not waste what they receive at the time of final distribution.

"When the youngest child reaches the age of thirty (30) years this trust shall cease and terminate, and the trust funds not already used or distributed by and under the discretion of the said trustees, shall

then be distributed by said trustees to my children share and share alike as hereinbefore provided.

"It is also my wish, and I hereby authorize said trustees, in case they see fit at any time, that in case my wife should marry after my death, to see that my children are supported, maintained, educated and brought up by some suitable person. And also, that in case said trustees, or either of them, believe that she, at any time, is not properly caring for my said children, or either of them, it is my desire that said trustees take said children from my said wife and place them in the care and custody of some person who to them shall seem suitable. And I leave these matters entirely to the discretion of my said trustees for them to act in regard thereto as to them shall seem to be for the best interest of said children; and said trustees are not required to furnish any portion of the trust funds for the support and education of said children unless they are cared for in a manner entirely satisfactory to said trustees, and even not then unless they see proper.

"And I further express the desire that in case the said trustees deem it unwise, for any reason, to leave said children, or either of them, in the custody of their mother, my wife, then, if my estate can afford it, I desire that my said children be placed in a convent school at some convenient location which to my said trustees shall seem best.

"In case either or both of said trustees die before the termination of the said trust then the survivor of them shall select a trustee, and petition the Circuit Court of the State of Oregon, for the County of Coos, to confirm such appointment; and in case said Circuit Court shall refuse to confirm such appointment, the surviving trustee shall nominate another to act as such trustee, and upon the appointment of such person being confirmed by said Circuit Court such person same appointed shall act as trustee herein in the place of the deceased trustee, upon his executing an undertaking with one or more sufficient sureties to be approved by said Circuit Court for the faithful dis-

charge of his duties as such trustee; and so on from time to time until the trust is ended.''

J. W. Bennett, one of the trustees, died on September 14, 1916, and on September 19th following, Thomas McGinnis executed a codicil to his will, in which he named James H. Flanagan as one of the trustees, to succeed Mr. Bennett, and also directed the payment of $100 to the Catholic priest, towards the erection of a church.

On October 6, 1916, Thomas McGinnis died and on October 13th Ivy Condron and James H. Flanagan, the executors and trustees named under the will, presented their joint *ex parte* petition to the County Court of Coos County to probate the will of Thomas McGinnis, deceased, and for their appointment as executors. The will was admitted to probate and they qualified as such executors and entered upon the discharge of their duties. In November, 1916, Ohma McGinnis, the widow of Thomas McGinnis, and as the natural guardian of Thomas McGinnis, Rose Agnes McGinnis and Elizabeth Jestina McGinnis, minor children of Thomas McGinnis, deceased, filed a petition in the County Court to set aside the will, to declare it null and void, to remove the executors and for an order appointing Ohma McGinnis as the guardian *ad litem* of the minor children. To this petition the executors filed a demurrer, upon the grounds: First, that it did not state sufficient facts; second, that the court did not have jurisdiction; third, that it appears upon the face of the petition ''that it is an action to construe some of the terms. and provisions of said will,'' of which the court did not have jurisdiction; and fourth, that the facts stated are not sufficient to authorize the court to set aside or vacate the will or any of the terms or provisions thereof. A stipulation was then filed, declaring that:

"Proof of the competency and testamentary capacity of the decedent to make said will and codicil and the sufficiency of the formalities of the execution thereof are admitted by contestants and all matters in connection therewith are admitted, and further or any proof thereof is waived, and that the only question which contestants raise for the determination of the court is the validity of said will on its face, exclusively a question of law."

The case was submitted to the County Court without argument and on June 17, 1917, that court purported to render a decree that the will and codicil attached thereto, probated on October 13, 1916, "is void and unenforceable and it is hereby annulled and the probate thereof vacated and set aside." James H. Flanagan and Ivy Condron were removed as executors, guardians and trustees and the costs were taxed against them. From this decree an appeal was taken by them to the Circuit Court, which reversed the ruling of the County Court, sustained the will and confirmed the appointment of the executors, authorized them to administer the estate according to the terms of the will, but awarded the custody, control and education of the minor children to the mother, Ohma McGinnis. From the ruling of the Circuit Court the plaintiffs appeal and the defendants move to dismiss upon the ground of defective service.

Affirmed.

For appellants there was a brief over the name of *Messrs. Stoll & Hodge,* with an oral argument by *Mr. Wm. L. Stoll.*

For respondents there was a brief over the names of *Mr. Tom T. Bennett* and *Mr. B. Swanson,* with an oral argument by *Mr. Bennett.*

JOHNS, J.—Under the view which we have taken it is not necessary to decide the motion to dismiss the appeal. This is a peculiar case. The plaintiff Ohma McGinnis, the surviving widow of the deceased, in person and as the guardian *ad litem* of her minor children, in legal effect seeks to have declared null and void the will of the deceased husband and father, which was ostensibly made by him for the benefit and protection of his minor children, and asks for an order of the court adjudging the will of Thomas McGinnis, deceased, "to be void, unenforceable, and that it be annulled and the probate thereof set aside; that Ivy Condron and James H. Flanagan be removed as executors, guardians and trustees, and required to account to" the plaintiffs.

The defendants filed a demurrer to the petition upon the grounds above stated, and it was overruled by the County Court. After the filing of an answer in which it was alleged that the will and codicil were duly executed and that the testator was of sound mind and memory and was not acting under menace, influence, fraud or duress, and that he was competent to make a will, the parties entered into the stipulation above quoted. It was contended that the will was void on its face and could not be enforced, and the case was tried and submitted upon the will only.

The defendants questioned the jurisdiction of the County Court.

While it is true that under the terms of the will the testator gave, bequeathed and devised to the trustees therein named, "all of my property, real and personal and mixed, of every nature and description whatsoever, of which I may die seised or possessed," there is no proof or allegation that he died possessed of any real property, and there is nothing in the record

which would indicate the amount, nature or description of any property which he might have owned at the time of his death.

1. In a well-considered opinion by Mr. Justice Wolverton in *In re John's Will,* 30 Or. 494 (47 Pac. 341, 36 L. R. A. 242), it is held that:

"A court having power to control the conduct of executors, to settle their accounts, to direct the payment of debts and legacies, and to distribute estates, such as is conferred by sections 895 and 1191 of Hill's Code of Oregon, has, by necessary implication, the further power to construe wills so far as they dispose of personalty, and, probably, also as to real property, though this is not so certain."

Also that:

"A will appointing executors and directing the payment of funeral expenses and the expenses of administration, is entitled to probate, though its other provisions creating a charitable trust are invalid."

2. In the instant case the testator did "give, bequeath and devise to Ivy Condron and J. W. Bennett any and all of his property, to be held by them in trust," with power and authority to manage the estate and marshal its assets, and to use the proceeds thereof "in the support, maintenance and education" of the minor children of the deceased, and the trustees were vested with discretionary power "to mortgage, lease, sell and dispose of any and all the real property of which I may die seised and convert the same into money at any time they see proper" and to invest the proceeds of the estate "as to them shall seem for the best interest of my said minor heirs, and to retain any surplus or any portion of the property not sold by them, until said minor children, each and all of them, reach the age of thirty years, "when all of the remaining property belonging to the estate should be

divided between the children then living, share and share alike. The will further provides that the trustees might at any time terminate the trust by "distributing the funds on hand to my children, share and share alike, or the survivor of them in case any of them should be deceased." In legal effect this was an absolute devise of all of the property of the deceased to the trustees, to be held by them during the period of the trust, and to be managed in their discretion for the use and benefit of his children until such time as the youngest should arrive at the age of thirty years or the trust should be otherwise terminated in the discretion of the trustees.

Conceding, as stipulated, that the will was duly executed, that it was the voluntary act of the deceased and that he had mental capacity, it must follow that he had the legal right to dispose of his own property upon the specified terms and conditions. The will does not create a perpetuity, and is definite and certain as to property rights.

3. The remaining provisions apply to the support, education, care and maintenance of the minor children, all of which, in a large measure, are left to the discretion of the trustees; and in the event that the widow of the testator should marry it is provided, "should either of the trustees believe that my wife is not properly caring for my said children or either of them, it is my desire that said trustees take said children from my said wife and place them in the care and custody of some person who to them may seem suitable," and that if the trustees should deem it unwise to leave the children or either of them in the custody of their mother, "if my estate can afford it, I desire that my children be placed in a convent school at some convenient location which to my trustees shall seem best."

It will be noted that Thomas McGinnis died on October 6, 1916; that on October 13th his will was admitted to probate on an *ex parte* petition of the executors named therein and Ivy Condron and James H. Flanagan were then appointed and qualified as such executors under the terms of the will. On November 23, 1916, the plaintiffs filed their joint petition to set aside and vacate the will, to have it declared void and to remove the executors. There is no allegation that the latter as executors, trustees, guardians or otherwise, have failed or neglected to discharge any of their duties arising from or growing out of their trust. Neither is there any allegation or proof that they have in any manner failed or neglected to support, maintain or educate the children, that they have undertaken to or will remove them from the custody of their mother or that it is their purpose or intent to do so; and this court has no right to assume that the executors who were selected by the deceased will neglect the children or abuse their trust. On that question there is nothing before this court. Should the trustees unlawfully seek to interfere with the custody of the minor children or unjustly or illegally fail or neglect to maintain and educate them, in a proper case and on a sufficient showing the plaintiffs would then have a remedy and be entitled to relief.

The decision of the Circuit Court is affirmed.

AFFIRMED.

McBride, C. J., and Bean and Bennett, JJ., concur.