Argued October 14, reversed and remanded October 28, 1921.

RE PITTOCK'S ESTATE.

LEADBETTER v. PRICE.

(201 Pac. 428.)

Courts—Circuit Court Held to have Probate Jurisdiction.

1. Where the Organic Act as amended has abolished County Courts in certain counties, the jurisdiction of the Circuit Court in such counties was increased by the addition of probate jurisdiction, including that involving partnership estates.

Partnership—Ownership by Two or More Individuals of All Corporate Stock or Entire Estate in Land Does not Make Them Partners.

2. That two or more individuals hold some or all of the stock in a given corporation, or own the entire estate in land, does not make them partners.

Partnership—Is a Distinct Entity.

3. A partnership is a separate and distinct entity.

Partnership—Property Does not Belong Separately to Individual Partners.

4. A partnership holds the partnership property in trust for the payment of its debts, and such property does not belong separately to the individual partners.

From Multnomah: George Tazwell, Judge.

Department 1.

By his petition in the matter of the estate of H. L. Pittock, deceased, F. W. Leadbetter asserts that he and the deceased were partners, holding as such some shares of stock in certain corporations, and sundry tracts of real estate, and that the executor of Pittock's will has listed as the individual property of the decedent only one half of those properties, both real and personal, of the partnership, ignoring the other moiety, and proposes to sell part of the partnership estate. The petition schedules shares of several corporations and concludes the list with this statement, "one half of which belongs to the estate of deceased." Concerning realty, the petition says, "all the following real property [referring to the list on designated pages of the inventory], one half of which said real property belongs to the estate of deceased." By stipulation a copy of the inventory has been made part of the record, and by comparing that document with the petition, it appears that in each instance the executor has inventoried only one half of the prop-

2. *De facto* corporations as partnerships, see note in 115 **Am. St. Rep.** 419.

erty mentioned in the petition, both real and personal. The answer denies all the allegations of the partnership or partnership property. Affirmatively, it avers the appointment of O. L. Price as executor of the last will and testament of H. L. Pittock, deceased, and his filing of an inventory which included all the property belonging to the deceased at the time of his death which had come to the knowledge and possession of the executor. Referring to the shares of stock mentioned in the inventory, the answer alleges the issuance to Pittock, during his lifetime, of certain certificates, in each instance covering in his name the number of shares inventoried, which the answer avers were the individual property of the decedent. The reply traverses the new matter in the answer.

Essentially the issue is, whether or not there was a partnership existing between Pittock and Leadbetter at the time of the death of the former. The matter was presented to the Circuit Court on the pleadings on the question of whether or not that court had jurisdiction of the subject matter, and that was also the form of the issue presented at the argument in this court. The decision in the Circuit Court on that point was against the petitioner, it being the only one presented, and he appealed.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. Cake & Cake* and *Mr. L. A. Liljeqvist,* with an oral argument by *Mr. Liljeqvist.*

For respondent there was a brief over the names of *Mr. D. P. Price, Mr. Charles H. Carey, Mr. James B. Kerr* and *Mr. John F. Logan,* with oral arguments by *Mr. Price, Mr. Carey,* and *Mr. Kerr.*

BURNETT, C. J.—The following sections of Oregon Laws are here set down:

"The executor or administrator of a deceased person, who was a member of a copartnership, shall include in the inventory of such person's estate, in a separate schedule, the whole of the property of such partnership; and the appraisers shall estimate the value thereof, and also the value of such person's individual interest in the partnership property, after the payment or satisfaction of all the debts and liabilities of the partnership." Section 1166.

"After the inventory is taken, the partnership property shall be in the custody and control of the executor or administrator for the purposes of administration, unless the surviving partner shall, within five days from the filing of the inventory, or such further time as the court or judge may allow, apply for the administration thereof, and give the undertaking therefor hereinafter prescribed." Section 1167.

"In case the surviving partner is not appointed administrator of the partnership, the administration thereof devolves upon the executor or general administrator; but before entering upon the duties of such administration he shall give an additional undertaking in double the value of the partnership property." Section 1170.

Provisions are made for the government of the surviving partner, if he elects to take upon himself the ancillary administration covering the partnership property. Under Section 1177, the executor is required to file with the clerk of the court an inventory, verified by his own oath, of all the property of the decedent, both real and personal, which shall come to his possession or knowledge, and this shall be done within one month after his appointment, unless further time is granted by the court. Before the inven-

tory is filed it must be appraised by competent appraisers appointed by the court or judge thereof: Section 1179, Or. L.

Unquestionably, a surviving partner, if there is one, has a right to have the partnership estate properly administered according to the statutory formula, in connection with the estate of the deceased partner. The question to be determined is, whether or not that can be adjudicated in the Circuit Court of Multnomah County. The argument of the petitioner is that the title of the property is not involved, while the executor makes the opposite contention and insists that the probate court cannot adjudicate the question. The executor maintains that the petitioner is not only claiming an interest in certain individual properties mentioned in the inventory, but also seeks to surcharge that document and make the executor liable for additional property as the administrator of a partnership.

1. Following the line of reasoning as to the jurisdiction of the Circuit Court in this instance which was adopted in the case of *Pittock's Will*, 199 Pac. 633, we are compelled to the conclusion that the Circuit Court in which this proceeding was litigated had jurisdiction to decide all the questions presented, not only those formerly committed exclusively to the County Courts, but also to decide cognate issues rightly joined in that tribunal. The petitioner, if he was a surviving partner, presented his grievance to a court having jurisdiction of the subject matter, and it had authority at his suit to decide the issues arising on the resultant pleadings. The court had no right to ignore the issues presented, although such a result would have been proper under the old *régime* of the County Courts under the former

constitution. The legislature, however, has seen fit under the amended form of the Organic Act, to abolish County Courts in districts having but one county, which shall contain over one hundred thousand population. The act did not lessen the jurisdiction of the Circuit Court in such districts but increased it by the addition of probate jurisdiction, which was formerly vested exclusively in the County Courts. When this litigation was presented to the Circuit Court, that tribunal was acting not only with respect to the probate jurisdiction but also to the general jurisdiction originally vested in such courts.

2–4. Of course, the issue is yet to be determined, whether there was in fact a partnership or not. As to the shares of stock, it often happens that corporations are formed as a means of shielding the promoters from the personal liability attaching to partners, but it does not follow because two or more individuals hold all of the stock in a given corporation, or each owns stock in the same corporate concern, that they are partners. Neither does such a result necessarily follow because those individuals together own the entire estate in land. The statement in the petition already referred to, to the effect that the decedent owned one half of the listed stock and one half of the land would indicate that he was a tenant in common of the land, and the individual owner of one half the stock. As said in *Jensen* v. *Wiersma*, 185 Iowa, 551 (170 N. W. 780, 4 A. L. R. 298):

"A partnership is a separate and distinct entity and holds the partnership property in trust for the payment of its debts. The property does not belong separately to the individual partners but to the distinct entity."

In the last-named publication is an extensive note, pointing out the difference between partnership holding of real estate and title as tenants in common. If indeed Pittock owned so many shares of stock in his own right, and Leadbetter owned certain other shares of stock in his own right, the executor has no business with the holdings of the latter. Likewise, if they were tenants in common of certain realty, the executor has no right to inventory the part belonging to Leadbetter, but is concerned only with the undivided share of Pittock.

These, however, are questions to be litigated on proper issues submitted to the Circuit Court in addition to the issue of partnership or no partnership. The decree is reversed and the cause remanded.

REVERSED AND REMANDED.

BEAN, BROWN and McCOURT, JJ., concur.