Motion to dismiss appeal allowed April 12; rehearing denied
May 10, 1938

In re Norman's Estate

CHARLESTON *v.* NORMAN'S ESTATE et al.

(78 P. (2d) 346)

· In Banc.

*Geo. B. Guthrie* and *Wilson & Reilly*, all of Portland, for the motion.

*J. O. Stearns, Sr.*, and *Sims & Sims*, all of Portland, opposed.

BEAN, C. J.   On February 4, 1937, Warren Herbert Charleston, by his guardian, Ralph L. Charleston, filed a claim or demand with the administrator of the estate of Warren Herbert Norman, deceased, in the probate department of the circuit court of the state of Oregon for Multnomah county, in the Matter of the Estate of Warren Herbert Norman, deceased, Estate No. 39368, presenting his claim or demand to the First

National Bank of Portland, as administrator, and without waiving any right or cause of action or suit which said Warren Herbert Charleston may have in any plenary proceeding which may be brought in a court of law or equity, claiming and demanding the avails, proceeds or substituted securities which have been purchased by the sale of a certain security known and described as United States Liberty Bond of $10,000 par value and belonging to the so-called Fourth Issue, the same being due October 15, 1933-1938, bearing interest at the rate of $4\frac{1}{4}\%$, and made demand for any and all moneys which may have been received in connection with the sale of said Liberty Bond, together with the avails or proceeds of the interest coupons belonging to said bond and becoming due from and after October 15, 1926, or thereabouts, which security, as alleged, was made the subject of a gift by Warren H. Norman, now deceased, unto his grandson, Warren Herbert Charleston, claimant and demandant herein.

The petition of Warren Herbert Charleston shows that in the final account of the First National Bank of Portland, Oregon, there appear certain items of receipts which, in law and in equity, belong to Warren H. Charleston and do not belong to the First National Bank of Portland, Oregon, as administrator, or to any other person, and that the same, as shown, represent earnings derived from the securities purchased under the direction and instruction of Warren Herbert Norman.

A final account was tendered and filed, and objections and supplemental objections to such final account of the administrator were made by Warren H. Charleston, by his duly appointed and qualified guardian, ad litem, Ralph L. Charleston.

Issues were raised as to the right to the Liberty Bond and the proceeds thereof, and Warren Herbert Charleston, petitioner and objector, prayed for an order and decree of the court as follows: That the so-called final account of the First National Bank of Portland, Oregon, as administrator with the will annexed of the estate of Warren Herbert Norman, deceased, be disapproved and denied and ordered to be reformed to comply with truth and facts, and that there be expunged therefrom each, all and every item of property and money belonging to Warren Herbert Charleston, and that the court order a complete accounting as to every matter and thing touching petitioner's properties as done by the administrator.

The motion made by the First National Bank of Portland to strike the claim or demand of Warren Herbert Charleston was denied by the court. The bank's motion to strike the petition and supplemental objections to the final account was denied by the court. The motion of the intervenors, Louise Baton and Alva May Norman, to strike the petitioner's claim was also denied by the court. From the rulings upon these motions the appellants attempted to appeal.

The plaintiff and respondent, Warren Herbert Charleston, by his guardian ad litem, moved to dismiss the appeal for the reason that none of said orders was final, and no final judgment or decree or appealable order had been entered in said cause.

■ There has been no final order or decree in said matter. The proceeding to which said orders were directed arose by reason of the petition and supplemental objections by Warren Herbert Charleston to an alleged final account filed in the probate proceeding. In this petition Warren Herbert Charleston asserted that in the lifetime of the deceased, Warren Herbert Norman, now

deceased, made a gift to him, the said Warren Herbert Charleston, of the $10,000 United States Liberty Bond, with coupons attached, dating from October 15, 1926, and, subsequently, said gift had been completed by delivery to Ralph L. Charleston, father of Warren Herbert Charleston, for the use and benefit of said Warren Herbert Charleston. On call of said bond Warren Herbert Norman subsequently had taken custody thereof for the benefit of said Warren Herbert Charleston and had negotiated the same and invested the proceeds or portion of the proceeds thereof in additional securities. The petition further asserts that the proceeds of the sale of said gift were being administered by the administrator as a part of the estate of Warren Herbert Norman, deceased, whereas they belonged to and were the property of said Warren Herbert Charleston. Said petition requested a discovery, the elimination of said assets from the *res* of the estate of Warren Herbert Norman, and an accounting by the administrator of said assets to the said Warren Herbert Charleston and not to the probate court in the estate of Warren Herbert Norman, deceased.

On December 13, 1937, the administrator served and filed an answer to the petition of Warren Herbert Charleston, joining issue on such petition. The intervenors, in their petition for intervention, joined issue on the allegations of the petition of Warren Herbert Charleston, and the answer to said petition in intervention was filed and a reply thereto also filed, so that issue was joined by and between Warren Herbert Charleston and all of these appellants.

The hearing on the merits, upon the issues so joined, was set for February 7, 1938. On February 4, 1938, the alleged notice of appeal was served and filed herein, which is the subject of this motion to dismiss. The cir-

cuit court deferred further action until the appeal to this court was disposed of.

As we understand, it is the position of the appellants that the probate court did not have jurisdiction to determine the matters at issue in the petition and answer and reply thereto, or to determine the ownership of the $10,000 Liberty Bond, or the proceeds thereof. It is clear that none of the orders attempted to be appealed from determined the cause or was a determination of the issues joined, as hereinabove mentioned, and none of them concluded the controversy as between the parties. The fact that the lower court set the cause for hearing on the merits shows the orders were not final.

We think the court should have proceeded further towards a hearing and an entry of a final order or decree before an appeal was attempted to be taken. As we view it, this question has been determined in former adjudications by this court.

■ Appellants argue that the probate department of the circuit court has the same jurisdiction as the county courts in probate matters, and no more. It is true that the probate department of the circuit court in Multnomah county has the same jurisdiction as county courts in probate matters, but, we think, with the additional jurisdiction common to circuit courts.

Appellants call attention to section 28-841, Oregon Code 1930, which reads in part as follows:

"In any proceeding or cause over which, by existing laws, the county court has jurisdiction, all of which are by the provisions of this act transferred to and heard by the circuit courts of the counties affected by this act, the procedure and practice shall be governed by the existing laws applicable to such proceeding without any change, except that appeals may be taken direct to the supreme court from the judgments of the circuit

court in all such matters, and except, further, that in a probate proceeding in which a claim is rejected by the administrator or executor, the claim may be presented to the court for rejection or allowance, as provided in section 11-504 of Oregon Code, or, if either party demand it, the claimant must in the first instance, bring action against the administrator in the manner in which other actions are brought, and the cause be tried and disposed of in the same manner as any other action.''

It is seen that all of the jurisdiction formerly reposed in county courts was transferred to the circuit courts of counties affected by the act, but not one jot or tittle of the jurisdiction that circuit courts theretofore had was taken from such courts.

■ In *Winters v. Grimes,* 124 Or. 214, 216 (264 P. 359), this court said:

''The statute authorizes an appeal from 'an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition'. With this exception, the statute prohibits an appeal from any interlocutory decree, and, from this, it follows that, unless the decree appealed from is a final decree within the meaning given to that word by the former decisions of this court and not interlocutory, this appeal must be dismissed. One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final'. Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it'? This question has been so fully considered and decided with such finality that anything more than a mere citation of authorities could

add nothing to what has been previously said by this court. [Citing numerous authorities.]'' See also *Electrical Products Corp. v. Ziegler Drug Stores,* 157 Or. 267 (68 P. (2d) 135).

The orders appealed from were interlocutory and not final.

■■ Intermediate orders are reviewable on the appeal from the final decree: *Hubbard v. Olsen-Roe Transfer Co.,* 101 Or. 168 (199 P. 187). An order sustaining a demurrer, without disposing of the case, is not appealable: *Weeks v. Snider,* 107 Or. 138 (214 P. 334); *Giant Powder Co. v. Oregon Western Ry. Co.,* 54 Or. 325 (101 P. 209, 103 P. 501); *Butler v. City of Ashland,* 113 Or. 72 (231 P. 155); *Abrahamson v. Northwestern Pulp & Paper Co.,* 141 Or. 339 (15 P. (2d) 472, 17 P. (2d) 117). An order sustaining or overruling a motion is not appealable: *Powell Co. v. Wiest,* 117 Or. 18 (242 P. 624); *Rockwood & Co. v. Parrott & Co.,* 149 Or. 611 (41 P. (2d) 1081).

Appellants state in their brief: ''We frankly admit that the orders are not final and are not appealable, if there yet remains some other question to be determined in relation to the points herein involved, but when we moved for a reconsideration and that was denied, the questions here raised were finally determined by the probate department of the circuit court''.

In the Pittock Will case, 102 Or. 159 (199 P. 633), this court, speaking through the late Justice BURNETT, after reviewing the constitutional provisions and the act transferring jurisdiction in counties of over 100,000 inhabitants, at page 172, says:

''The jurisdiction of the circuit court was not in any respect lessened or restricted by the enactment mentioned. Its powers were increased by the addition of probate jurisdiction. The conclusion, therefore, is that so far as jurisdiction is concerned, and whether we

consider this proceeding as merely a contest of a will to determine its authenticity or whether we treat it as a suit to construe the will, the tribunal before which the proceeding was had was possessed of full jurisdiction to hear and determine the questions involved. It is true that the original judicial scheme was to continue under the new constitution until otherwise provided by law, but the act of February 17, 1919, has effected the necessary provision for change. Having before us, then, for review, a decision of a court having all the necessary original jurisdiction to consider any question which might be litigated, we proceed briefly to scan the pleadings upon which the proceeding is based.''

In this same proceeding, F. W. Leadbetter filed a petition in the probate proceedings of the Pittock Will estate matter, reported in 102 Or. 47, 49 (201 P. 428), where the court records the following language:

''Essentially the issue is, whether or not there was a partnership existing between Pittock and Leadbetter at the time of the death of the former. The matter was presented to the circuit court on the pleadings on the question of whether or not that court had jurisdiction of the subject-matter, and that was also the form of the issue presented at the argument in this court.''

Again, on page 51 of the opinion, the court said:

''The question to be determined is, whether or not that can be adjudicated in the circuit court of Multnomah county. The argument of the petitioner is that the title of the property is not involved, while the executor makes the opposite contention and insists that the probate court cannot adjudicate the question. The executor maintains that the petitioner is not only claiming an interest in certain individual properties mentioned in the inventory, but also seeks to surcharge that document and make the executor liable for additional property as the administrator of a partnership.

''1. Following the line of reasoning as to the jurisdiction of the circuit court in this instance which was

adopted in the case of Pittock's Will, 199 Pac. 633, we are compelled to the conclusion that the circuit court in which this proceeding was litigated had jurisdiction to decide all the questions presented, not only those formerly committed exclusively to the county courts, but also to decide cognate issues rightly joined in that tribunal.''

In the instant case the administrator with the will annexed had filed his proceedings in the probate court in which is inventoried, as part of the assets of the estate, the assets which Warren Herbert Charleston claims did not belong to the estate but belonged to him. In the final account the administrator treats these assets, or the converted assets, as a part of the estate and asks the court for leave to distribute them as part of the estate. The petition here involved shows the basis on which Warren Herbert Charleston claims these assets as his own and not a part of the Warren Herbert Norman estate.

█ We think under the ruling of this court in the Pittock Will matter, the jurisdiction of the circuit court of the state of Oregon for Multnomah county, sitting in probate, to hear and determine the question involved, is specifically sustained. In the Pittock Will case, F. W. Leadbetter invoked the jurisdiction of the court by a petition in the probate proceedings, much like the one in the present proceeding, and in the Pittock Will case the title to the property had to be determined in order to determine whether the assets in question were a part of the Pittock estate, or the property of an independent entity, a partnership between Pittock and Leadbetter. In that proceeding the court sustained the jurisdiction of the circuit court of Multnomah county to fully determine that question. In the case at bar the court had jurisdiction to determine whether the title

to a part of the assets, which the administrator is attempting to administer as a part of the Warren Herbert Norman estate, was in fact a part of that estate, or whether such assets belonged to Warren Herbert Charleston.

In the case of *Re Faling Estate,* 113 Or. 6 (228 P. 821, 231 P. 148), in sustaining the jurisdiction of the circuit court of Multnomah county sitting in probate, the court cites the decision in the *Pittock Estate,* supra, and on page 16 of 113 Or. records the following language:

"There can be no doubt that the circuit court of Oregon, for Multnomah county, department of probate, is clothed with ample power to proceed with the settlement of the affairs of this estate in accordance with equitable procedure and principles. The subject matter of the petition was within the jurisdiction of that court."

■ The court had unquestioned jurisdiction of the parties to this proceeding. The intervenors, Clara Louise Baton and Alva May Norman, petitioned for leave to intervene in the court and cause, and were granted their petition and they thereby took issue with the facts set up in the petition and objections of Warren Herbert Charleston. They certainly cannot object to the jurisdiction of the court over their persons.

The circuit court of the state of Oregon for Multnomah county, sitting in probate, had full jurisdiction of both the subject matter and the parties in this proceeding. We disclaim any intent whatever to decide any of the questions involved upon the merits.

It follows that the motion to dismiss the appeal must be allowed. It is so ordered.