Argued September 6, reversed November 21, 1951, motion to modify
decree denied and cause remanded January 9, 1952

## ARNOLD ET AL. v. ARNOLD

237 P. 2d 963
239 P. 2d 595

491

*George E. Birnie,* of Portland, argued the cause and filed a brief for respondents.

*E. B. McCutchan,* of Portland, argued the cause and filed a brief for appellant.

Before BRAND, Chief Justice, and HAY, LUSK, WARNER and TOOZE, Justices.

**LUSK, J.**

During the oral argument a question of the jurisdiction of the court below to determine the controversy was raised from the bench. Both counsel conceded the jurisdiction. But, as jurisdiction cannot be conferred by stipulation, and, as there is new legislation affecting the subject not heretofore considered by this court, it is necessary that we express our views.

Prior to 1919 probate jurisdiction in Multnomah County, as elsewhere throughout the state, was in the first instance vested in the county court. Art. VII, § 12, Original Constitution. While county courts, sitting in probate, were courts of general jurisdiction, the particular powers exercised were only such as pertained to probate courts at the time of the adoption of the Con-

stitution or were conferred by statute. *In re Stroman's Estate* 178 Or. 100, 165 P. 2d 576. They did not include the power or authority to determine a dispute between the administrator of an estate and a third person concerning the title to property. Such a question, if an adjudication became necessary, must have been tried in a court of ordinary jurisdiction. *Hillman v. Young,* 64 Or. 73, 81, 127 P. 793, 129 P. 124; *Harrington v. Jones,* 53 Or. 237, 239, 99 P. 935; *Dray v. Bloch,* 29 Or. 347, 45 P. 772; *Gardner v. Gillihan,* 20 Or. 598, 27 P. 220. There was a limited jurisdiction to construe wills. With respect to personal property, where a question arose as to the distribution of an estate, the probate court had the power to direct by its decree the manner of such distribution and also the power to construe a will as incidental to such direction, if that was necessary. *Woodburn Lodge v. Wilson,* 148 Or. 150, 160, 34 P. 2d 611; *In re McGinnis' Estate,* 91 Or. 407, 179 P. 254; *In re Wilson's Estate,* 85 Or. 604, 167 P. 580; *In re John's Will,* 30 Or. 494, 47 P. 341, 36 L.R.A. 242. As to real property, it was said by Mr. Justice WOLVERTON in the *John's Will* case, supra, 30 Or. 504, that "The jurisdiction of the County Court to construe a will as it pertains to real property is not so apparent." But he called attention to certain special cases relating to real property in which it was indicated that such jurisdiction might exist.

After the probate jurisdiction was transferred from the county court to the Circuit Court for Multnomah County by Ch. 59, Oregon Laws, 1919, it was held that the effect of the legislation was to enlarge the jurisdiction of the latter court when sitting in probate. It was empowered to determine the question of the validity of a will on the grounds that it was against public policy and contravened the statute of the state (*In re Will of*

*Pittock,* 102 Or. 159, 172, 199 P. 633, 17 A.L.R. 218);
to pass upon the petition of a third party claiming that
certain property inventoried by the executors was prop-
erty of a partnership of which the deceased and the
petitioner were alleged to have been members (*Lead-
better v. Price,* 102 Or. 47, 201 P. 428) (Pittock's will);
to allow out of the funds of an estate an attorney's fee
to attorneys who were successful in a will contest which
resulted in setting aside a will previously admitted to
probate (*Re Faling Estate,* 113 Or. 6, 228 P. 821, 231
P. 148); to determine a question of ownership of bonds
as between an administrator and a third person claim-
ing them as a gift from the intestate (*In re Norman's
Estate,* 159 Or. 197, 78 P. 2d 346).

The reasoning in support of these adjudications is
found in the opinion of Mr. Justice BURNETT in the
Pittock Will case (102 Or. 172), where, in referring to
the 1919 enactment, he said:

"The jurisdiction of the Circuit Court was not
in any respect lessened or restricted by the enact-
ment mentioned. Its powers were increased by the
addition of probate jurisdiction. The conclusion,
therefore, is that so far as jurisdiction is concerned,
and whether we consider this proceeding as merely
a contest of a will to determine its authenticity or
whether we treat it as a suit to construe the will, the
tribunal before which the proceeding was had was
possessed of full jurisdiction to hear and determine
the questions involved. It is true that the original
judicial scheme was to continue under the new Con-
stitution until otherwise provided by law, but the
act of February 17, 1919, has effected the necessary
provision for change. Having before us, then, for
review, a decision of a court having all the necessary
original jurisdiction to consider any question which
might be litigated, we proceed briefly to scan the
pleadings upon which the proceeding is based."

Again, in *Leadbetter v. Price,* supra, 102 Or. 52, the court said:

"\* \* \* When this litigation was presented to the Circuit Court, that tribunal was acting not only with respect to the probate jurisdiction but also to the general jurisdiction originally vested in such courts."

*In re Stroman's Estate,* supra, decided in 1946, seems to be not in entire accord with these decisions or with the reasoning upon which they proceed. That case presented the question of whether or not the Circuit Court for Multnomah County, sitting in probate, had jurisdiction to adjudicate a claim against a minor which had been presented to his guardian and payment of which had been refused. The claimant filed a petition in the probate proceedings seeking to have his claim allowed by the court. We held that there was no such jurisdiction because there was no statute providing for it, as there is in the case of executors and administrators, and because, historically, "the jurisdiction pertaining to probate courts" did not include the power to adjudicate claims against a ward. In the course of the opinion it was said:

"The only remaining theory on which jurisdiction could be based is that the claim was one within the jurisdiction pertaining to probate courts as such and that the procedure in the probate court was adequate to establish jurisdiction therein. This is the issue presented by the brief of petitioner; and in its determination the fact that the proceeding was in Multnomah County, where probate matters are tried by a circuit court, becomes immaterial. The issue would be the same if it had arisen concerning the jurisdiction of a county or probate court prior to 1919." (178 Or. 107.)

*Van Vlack v. Van Vlack,* 181 Or. 646, 182 P. 2d 969, 185 P. 2d 575, though it did not arise in Multnomah

County, is not without its bearing on the present inquiry. There, a contested probate matter was transferred from the County Court of Union County to the Circuit Court, pursuant to § 13-502, O.C.L.A. A question of jurisdiction was raised, in the discussion of which the court said:

"Moreover, a probate court, whether sitting in its ancient home or in the courtroom of our circuit court, is one of limited jurisdiction." (181 Or. 666.)

We have called attention to these decisions because they form, as it were, the background for the legislation now to be considered, and will aid in its proper construction.

Chapter 530, Oregon Laws 1949, is a comprehensive act relating to judicial districts comprising one county and having a population of more than 300,000. It is applicable only to Multnomah County. Generally, it is a rewriting of Ch. 59, Oregon Laws, 1919, the original statute conferring probate jurisdiction on the Circuit Court for Multnomah County, and of Ch. 183, Oregon Laws, 1929, which likewise transferred the jurisdiction of the court of domestic relations to the Circuit Court of that county. The provisions of the 1949 Act now pertinent are the following:

"Section 7. All laws now existing pertaining to circuit courts of this state shall be applicable to such departments of probate and domestic relations, unless otherwise expressly provided herein.

\* \* \* \* \*

"Section 10. In the circuit court in such judicial district the procedure and practice pertaining to causes, matters and proceedings in domestic relations and probate shall be governed by the laws applicable to such causes, matters and proceedings without any change, and appeals may be taken direct to the supreme court from the judgments, decrees

and other appealable determinative orders of the circuit court therein, as in other cases.

"Section 11. In any cause, matter or proceeding over which by existing laws the circuit court of such judicial district has jurisdiction, the procedure and practice shall be governed by existing laws applicable to such cause, matter or proceeding without change, and there also hereby is conferred upon, and vested in, such circuit court full, complete, general and exclusive jurisdiction, authority and power in equity, in the first instance, in all matters whatever pertaining to a court of probate, including the construing of, and declaration of rights under, wills and codicils, and therein the determining of question of title to real, personal or mixed properties; and in a probate proceeding in which a claim is rejected by the executor or administrator, the claimant may present such claims to the circuit court, or a judge thereof, for allowance, as provided by section 19-704, O.C.L.A., as amended, or he may, and if such executor or administrator demand it in writing he shall, in the first instance bring a separate plenary action or suit against such executor or administrator on such claims.

"Section 12. The duties, authorities, powers and jurisdiction of such circuit judges sitting in the departments of domestic relations and probate shall be, unless otherwise provided by this act, such as are prescribed by law for circuit judges generally."

In our opinion, the provisions of §11 were intended not only to enumerate, but also to define, the powers of the Circuit Court for Multnomah County when sitting in probate. Neither §7 nor §10 deals specifically with the matter of jurisdiction, and the general language of §12 cannot be invoked to enlarge the specific grant in §11.

Turning then to §11, it should first be noted that the phrase "full, complete, general and exclusive

jurisdiction, authority and power in equity, in the first instance, in all matters whatever pertaining to a court of probate" adds nothing to the jurisdiction of a probate court as formerly vested in the County Court of Multnomah County and elsewhere throughout the state. The County Court, sitting in probate, had the exclusive jurisdiction, in the first instance, pertaining to a court of probate (§13-501, O.C.L.A.), and was a court of general jurisdiction in exercising probate powers. *In re Stroman's Estate,* supra, 178 Or. 109. See cases cited in notes to §13-501, O.C.L.A., Vol. 2, p. 440. The mode of proceeding was in the nature of a suit in equity as distinguished from an action at law (§19-101, O.C.L.A.), although the county courts were "not vested with general equity powers." *In re Elder's Estate,* 160 Or. 111, 115, 83 P. 2d 477, 119 A. L. R. 302. Nor does this statute vest the Circuit Court with general equity powers, but only with such powers in matters "pertaining to a court of probate," and these, as we have seen, do not include controversies of the kind with which we are here dealing. Whatever additional grant of powers has been made, must be looked for in the phrase "including the construing of, and declaration of rights under, wills and codicils, and *therein* the determining of question of title to real, personal or mixed properties." (Italics added.) In ordinary signification the word "including" "implies that something has been given beyond the general language which precedes it." *Achelis v. Musgrove,* 212 Ala. 47, 101 So. 670; *Heffner v. Ketchen,* 50 Ida. 435, 296 P. 768; *Kennedy v. Ind. Acc. Comm.,* 50 Cal. App. 184, 195 P. 267; *Peerless Carbon Black Co. v. Sheppard,* (Tex. Civ. App.) 113 S. W. 2d 996. Does the clause commencing with "including" constitute a grant of jurisdiction generally to adjudicate a question of title

to property between an administrator or executor and a third person, or is it jurisdiction merely to determine a question of title as an incident to the power to construe wills and declare rights thereunder? The former construction cannot be adopted without ignoring the word "therein", which clearly refers to "the construing of, and declaration of rights under, wills and codicils." The legislature has not said that the jurisdiction pertaining to probate courts shall include the determining of questions of title, but that it shall include the construing of, and declaration of rights under, wills, and *therein*—i.e., in the construing of wills and declaration of rights thereunder—jurisdiction to try questions of title. Thus, the occasions upon which the power in question may be exercised have been expressly defined.

■ There is a familiar principle of statutory construction thus stated in Endlich, Interpretation of Statutes, 399, § 295:

"Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it, which modifies the meaning of the words, and even the structure of the sentence."

Numerous illustrations from the cases of the application of this rule are cited by the author. In the present instance, however, we find no warrant for invoking this principle and rewriting the statute. Accepting the statute as it reads, it cannot be said that there is anything inconvenient, absurd or unjust in expanding the power of the probate court by giving it jurisdiction to construe wills, and, as incidental to the exercise of that jurisdiction, to adjudicate titles not only to per-

sonal but as well to real property, nor in limiting the exercise of the latter jurisdiction to the particular occasions mentioned. Nor does the construction indicated lead to "a manifest contradiction of the apparent purpose of the enactment." In fact it leads to no such contradiction whatever. When the Act was passed the legislature had before it, presumably, the decisions of this court construing the former legislation with reference to the jurisdiction of probate courts. Presumably it acted in the light of those decisions. One obvious purpose of the Act was to enlarge the jurisdiction of the Circuit Court for Multnomah County, sitting in probate, beyond that exercised by county courts. Another, it may be assumed, was to remove uncertainty created by the apparent conflict between the Pittock Will case and the decisions which followed it, on the one hand, and the Stroman case, on the other. It seems manifest, from the particularity with which the provisions regarding jurisdiction were drawn, that the legislature deemed it unwise to leave the matter open entirely to judicial construction by simply conferring probate power on the Circuit Court, without more, as was done by Oregon Laws, 1919, Ch. 59. The jurisdiction was to be defined. And the legislature could not have considered that the mere conferring of probate jurisdiction on the Circuit Court would be sufficient to add to that court's powers as a probate court —a proposition which had been both affirmed and denied by this court—otherwise it would not have specified the additional powers to be included within such jurisdiction. So that, when the matter is thoroughly analyzed, all that a court can say is that the apparent purpose of the statute was to continue the probate jurisdiction in the Circuit Court for Multnomah County, and to enlarge that jurisdiction to an extent

which can only be determined from the language of the statute itself. There is nothing in that language, read naturally and in the light of previous legislative and judicial history, which is opposed to any legislative purpose known to the court.

■■ It is certain that the 1949 Act has not set the Probate Court of Multnomah County at large, free to exercise a sort of supervisory power over persons coming anywhere within the range of the probate proceedings, and without regard to established rules of pleading, practice and procedure. The petition, as counsel for the petitioners says, states a cause of action in ejectment, which is a proceeding at law. But it is mixed up with a cause of action in replevin and what purports to be a suit for an accounting and a demand for a list of tenants of the hotel and "all other information concerning the operation and management of the Hazel Hotel"—all this not withstanding the provisions of §7 of the Act, making applicable to the Circuit Court for Multnomah County "All laws now existing pertaining to circuit courts of this state," and of §10 that "the procedure and practice pertaining to causes, matters, and proceedings in * * * probate shall be governed by the laws applicable to such causes, matters and proceedings without any change." Under no possible construction of the statute could it be held that the Probate Court of Multnomah County has jurisdiction to try a cause of action in ejectment. The only jurisdiction at law conferred by the statute is that which probate courts have traditionally exercised, namely, to determine claims against the estate, and which is continued by express provision. While counsel might, by stipulation or failure to object, have waived these strictly procedural irregularities, they could not, in that manner, confer jurisdiction where the legisla-

ture has withheld it. In the defendant's answer the so-called cross-bill doubtless states a cause of suit in equity, the object of which is to have title to the real properties involved determined as between the administrators and the defendant, Vern Arnold. But, as the dispute does not grow out of the provisions of a will, and the court was not called upon to construe or declare rights under a will, it had no jurisdiction of the controversy.

It results that the decree of the Circuit Court must be reversed and the proceeding dismissed, without prejudice, however, to the rights of any of the parties. No costs will be allowed.

On Motion of Appellant to Modify Decree

*E. B. McCutchan,* of Portland, for the motion.

*George E. Birnie,* of Portland, contra.

Before Brand, Chief Justice, and Hay, Lusk, Warner and Tooze, Justices.

LUSK, J.

The defendant, Vern N. Arnold (appellant here) has filed a motion to modify our decree of dismissal by directing that restitution be made to her of all property and rights lost under the decree of the Circuit Court. In support of the motion defendant submits an affidavit showing that after the Circuit Court entered its decree in favor of the plaintiffs she complied with it by delivering to the plaintiffs possession of the Hazel Hotel and the personal property therein, the payment of certain moneys, the delivery of certain records, receipts and account books, and by rendering an accounting of the operation and management of the hotel and

the payment of moneys determined as the result of such operation.

■ ■ Our statute provides that this court, when it reverses or modifies a judgment or decree, "may direct complete restitution of all property and rights lost thereby." § 10-812, O.C.L.A. It was held in *McFadden v. Swinerton*, 36 Or. 336, 355, 59 P. 816, 62 P. 12, that "When the right depends entirely upon matters *dehors* the record, the better practice, as we understand the authorities, is for the appellate court to direct that restitution be made to the appellant of all property and rights lost under the judgment, and to remand the cause to the court below for the enforcement of such order in a proper proceeding, upon notice to the parties: *Flemings v. Riddick's Ex'r*, 5 Grat. 272; *Keck v. Allender*, 42 W. Va. 420 (26 S. E. 437)." The court said further that the statute "probably contemplates a final judgment of restitution only in cases where the facts appear of record, and not where it is necessary to make proof *aliunde* by *ex parte* affidavits."

In this case the facts do not appear of record.

■ ■ Contrary to the view of counsel for plaintiffs (with which counsel for defendant appears to agree), that the remedy is discretionary with the court, restitution of moneys paid out, or property delivered under a decree which is subsequently reversed, is a matter of right. *Lytle v. Payette-Oregon Irr. Dist.*, 175 Or. 276, 286, 152 P. 2d 934, 156 A.L.R. 894; *Coker & Bellamy v. Richey*, 108 Or. 479, 483, 217 P. 638; *Duniway v. Cellars-Murton*, 92 Or. 113, 116, 170 P. 298, 179 P. 561; *McFadden v. Swinerton*, supra, 36 Or. 354; *Metschan v. Grant County*, 36 Or. 117, 119, 58 P. 80. And the rule is no different where the judgment was wholly void, as in this case, for want of jurisdiction. *Coker & Bellamy v. Richey*, supra, 108 Or. 487; 3 Am.

Jur., Appeal and Error, 740, §1242. As stated in the case last cited, "Every court has inherent power to undo that which it had no power to do or erroneously did originally and, to the extent restoration is possible, to restore the parties to their former positions; * * *."

 It is true that this court has a discretion to determine whether it should order restitution or should commit the performance of that duty to the Circuit Court. In view of the state of the record in this case, we think that the same order should be made as in *McFadden v. Swinerton*, namely, that the defendant be restored to whatever she has lost by the decree of the court below and that the cause be remanded to that court for such further proceedings as may be proper.