Argued March 22, reversed and remanded May 31, 1956

# McCOLLOCH v. UNITED STATES NATIONAL BANK OF PORTLAND

### 197 P. 2d 1076

*Robert L. Myers,* Portland, argued the cause for appellant. With him on the briefs was Howard T. McCulloch, Portland.

*William W. Wyse,* Portland, argued the cause for respondent. On the brief were Hart, Spencer, McCulloch, Rockwood and Davies and Cleveland C. Cory, Portland.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN, LUSK, BRAND and PERRY, Justices.

LUSK, J.

The plaintiff brought this suit to obtain a decree construing a testamentary trust contained in the will of Florence J. McCulloch, deceased. The deceased was the wife of plaintiff and he is the executor under her will. By his complaint the plaintiff prayed that his duties as executor be declared, and in particular that the trust be decreed to be void as in violation of the rule against perpetuities. The case was filed in the Circuit Court for Multnomah County. The defendant, the United States National Bank of Portland (Oregon), to which we shall hereafter refer as the Bank, was named as trustee of the trust established by the will. The Bank demurred to the complaint on the ground that the court had no jurisdiction of the subject of the action. The court below sustained the demurrer. The plaintiff declined to amend, and judgment of dismissal was entered from which the plaintiff has appealed.

The particular ground of the demurrer, and apparently the basis of the court's ruling, is that exclusive jurisdiction of the cause is vested in the probate

department of the Circuit Court for Multnomah County by ORS 3.340, which provides in part:

"There also is conferred upon, and vested in, the circuit court of a judicial district described in ORS 3.310 [Multnomah County Circuit Court] full, complete, general and exclusive jurisdiction, authority and power in equity, in the first instance, in all matters whatever pertaining to a court of probate, including the construing of, and declaration of rights under, wills and codicils,    *    *    *."

We think that a mere reading of the statute shows that the Bank's position is untenable. The legislature has conferred the jurisdiction delineated in the section not upon the probate department of the circuit court but upon the Circuit Court for Multnomah County. That court is divided into 13 departments, one of them known as the probate department and to which all probate matters are automatically assigned (ORS 3.310, 3.320), except that the presiding judge of the court, whenever the probate department becomes congested with business, "may assign such causes and proceedings as he deems necessary or desirable for the orderly and expeditious conduct of the court's business to other departments, in the manner provided by rule of the court." It is further provided that nothing contained in the statutes relating to the Circuit Court for Multnomah County "shall be construed to abrogate, reduce or interfere with any of the jurisdiction, power or authority of the circuit court or any circuit judge" (ORS 3.400), and "All business found in one department of the fourth judicial district belonging to another department may be transferred by order of the court, so as to be heard and determined in the proper department; but it shall be lawful to do any of the business of the court in any department" (ORS 3.410 (3)).

■ As clearly appears from an examination of these statutes, there is only one Circuit Court for Multnomah County, and each of the judges thereof, regardless of the department to which he is assigned, is vested with the entire jurisdiction of that court, though for convenience in administration one of them is especially charged with probate duties.

The Bank concedes that the relief sought by the plaintiff in the instant case is relief which may be granted under the Declaratory Judgment Statute. The provisions of that statute particularly applicable here are as follows:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." ORS 28.010.

"Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, * * * in the administration of a trust, or of the estate of a decedent, * * * may have a declaration of rights or legal relations in respect thereto:

 *    *    *    *    *

"(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." ORS 28.040.

■ The Circuit Court for Multnomah County is a court of record and consequently is the repository of the jurisdiction described in these sections, regardless of the department of that court to which the hearing of the particular case falls and regardless of the fact that the complaint is filed generally in the circuit court and not in a particular department, probate or otherwise, of that court.

The Bank argues:

"* * * The question posed by the petition for declaratory relief is whether the trust created under the will is valid or void. The answer to this question will determine whether at the conclusion of the probate proceedings, the executor shall distribute the estate to the bank as testamentary trustee, or directly to the decedent's son, as the petition would have the executor do. This is directly a matter of probate administration in its present state, and is in the exclusive jurisdiction of a probate court."

■ The contention involves a nonsequitur, for, if it be true that the question whether the trust is valid or not is "directly a matter of probate administration in its present state" rather than, as the plaintiff contends, a matter coming within the general jurisdiction of a court of equity (citing 54 Am Jur 20, 21 § 3), still any judge of any department of the circuit court has jurisdiction to determine that question by force of the statutes above cited. And, although, as a matter of convenience or propriety, the presiding judge of the court might deem it expedient to assign the case for trial to the department where the probate proceedings are pending, that consideration has no bearing upon the question of jurisdiction.

To repeat, if the controversy stated in the complaint in this case be one peculiarly for the determination of a court of probate, the Circuit Court for Multnomah County has jurisdiction of the cause under the provisions of ORS 3.310; but, if it be not a controversy of that character, then that court has jurisdiction by virtue of its general equitable powers. In either case the court erred in sustaining the demurrer to the complaint.

The decision in *Arnold v. Arnold,* 193 Or 490, 237 P2d 963, 239 P2d 595, is not authority to the contrary. Some of the language in the opinion in that case, however, may appear to be in conflict with our ruling here; if it be so, it should be deemed overruled.

The decree appealed from is reversed and the cause remanded for further proceedings in conformity with this opinion.