Argued February 1, affirmed March 24, 1965

# PREMIER PRODUCTS CO. *v.* CAMERON
### 400 P. 2d 227

■■■■

■■■■

■■■■

*Clarence R. Kruger,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and E. Nordyke, Assistant Attorney General, Salem.

*Nathan J. Ail,* Portland, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

■■■■

DENECKE, J.

The issue is whether the petitioner-employer must pay unemployment taxes for commission salesmen who solicit contracts for the sale of custom storm doors, windows, and patio covers. Appellant Department of Employment Commissioner decided that the tax was payable; the trial court reversed.

The statute requires employers to pay unemployment taxes for all employees unless exempted by statute. ORS 657.087 provides:

> " 'Employment' does not include service performed by individals soliciting contracts for home improvements including roofing, siding and alterations of private homes to the extent that the remuneration for such services primarily consists of commissions or a share of the profit realized on each contract."

On oral argument the attorney for the Commissioner admitted that if it were not for the phrase, "including roofing, * * *," petitioner's employees

would be soliciting contracts for "home improvements." The Commissioner's contention is that "including" is a word of limitation; that the general phrase, "home improvements," is limited to only certain kinds of "home improvements," namely, "roofing, siding and alterations."

This is the kind of statutory interpretation question in which a court need not pay deference to an administrative interpretation: *Rogers Const. Co. v. Hill,* 235 Or 352, 357, 384 P2d 219 (1963). No plausible reason has been given for distinguishing between salesmen of such home improvements as roofs and salesmen of such home improvements as windows. The known legislative history contains no indication that such a distinction was intended. "Including" can and has been interpreted as a word of enlargement, or of illustrative application, as well as a word of limitation: *Arnold v. Arnold,* 193 Or 490, 502, 237 P2d 963, 239 P2d 595 (1952); *Federal Land Bank v. Bismark Lumber Co.,* 314 US 95, 62 S Ct 1, 86 L ed 65 (1941). How it is interpreted depends upon several factors,—context, subject matter, possible legislative intention, etc.

We construe the statute as not being limited to sellers of roofing, siding and alterations, but rather, to include sellers of custom storm doors, windows, and patio covers.

Affirmed.